(52 Misc. Rep. 556)

### ADLER v. LOWENSTEIN et al.

(Supreme Court, Appellate Term. February 11, 1907.)

1. LANDLORD AND TENANT—TERMINATION OF TENANCY—NOTICE.

    Where a lease provided that it might be terminated on certain notice to .the tenants, and that the covenants and agreements should be binding on the parties and their "legal representatives," the right to so terminate the lease passed to the landlord's grantee.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 300, 316–320.]

2. SAME—RECOVERY OF POSSESSION BY LANDLORD—ACTION—JURISDICTION AND PROCEEDINGS.

    Where a lease provided that the tenancy might be terminated on certain notice to the tenants, and in proceedings by the landlord to recover possession it appeared that one of the tenants had been served with the precept but.that he had not been served with notice under the lease, and the other one, who had been served with notice, was not served with the precept, and it was not shown that the tenants were a copartnership, and they appeared specially and moved to dismiss, the court had no jurisdiction to grant a determination in favor of the landlord.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Summary proceedings to dispossess tenants by Aaron Adler against Samuel Lowenstein and another. Appeal by the tenants from a final order in favor of the landlord. Reversed.

Argued before GILDERSLEEVE, MacLEAN, and AMEND, JJ.

Edward D. Newman, for appellants.

Goldfogle, Cohn & Lind, for respondent.

MacLEAN, J. By writing, dated April 1, 1903, the premises known as "309 Rivington Street," in this city, were demised to the tenants herein, Samuel Lowenstein and Bernard Lowenstein, parties of the second part, for the term of 5 years and 1 month. Right to cancel this lease at any time upon 15 days' written notice, and upon terms, "to the said parties of the second part, their executors, administrators, or assignees," was therein reserved to the parties of the first part, the lessors; and it was therein provided that "service of such notice may be made by delivering the same in person to the parties of the second part, or by inclosing the same in a postpaid wrapper, in the general post office or any substation or letter box, addressed to the parties of the second part at the said demised premises"; and it was further agreed "that the covenants and agreements contained in the written lease are binding on the parties and their legal representatives." By deed, dated April 4, 1906, said premises were conveyed to the landlord herein, subject to the aforesaid lease.

It is contended that the cancellation clause of the lease is in the nature of a reservation personal to the parties of the first part therein, and did not pass to subsequent grantees, because nowhere therein so recited, and was not included in the expression "legal representatives." In common parlance that expression means administrators or executors, but legally it is not always so exclusive. "The term 'legal representatives' is not necessarily restricted to the personal representatives of one deceased, but is sufficiently broad to cover all persons who, with respect to his property, stand in his place and represent his interests, whether transferred to them by his act or by operation of the law." N. Y. Mut. Life Ins. Co. v. Armstrong, 117 U. S. 591, 597, 6 Sup. Ct. 877, 879, 29 L. Ed. 997. "When found in instruments other than those relating to the administration of estates or the affairs of the deceased persons, it has been construed sometimes to mean assignees, or a certain class of purchasers, accordingly as it was supposed the parties must have understood it." Warnecke v. Lembea, 71 Ill. 91, 93, 12 Am. Rep. 85. From the whole instrument, as well as from its several parts, from its subject-matter and situation of the parties, it may be concluded that the parties to the lease understood the right to cancel, as therein provided, would pass even to subsequent grantees, and so to the landlord herein.

Personal notice, pursuant to the provisions of the cancellation clause of the lease, appears to have been made on one of the parties of the second part, viz., Bernard Lowenstein, but not on the other; for, though it is deposed by one Abrahams that "he served the within notice," which appears to run to Messrs. Lowenstein, 309 Rivington street, New York City, "on Samuel and Bernard Lowenstein by depositing a true and correct copy thereof in a securely sealed postpaid

wrapper and depositing same in a regular United States post-office box," it does not appear to whom or to what place the postpaid wrapper was addressed. It not appearing from the lease or from the record that the tenants were a copartnership, service of the notice of cancellation upon each was necessary, and service of the precept being made upon one of the tenants, viz., Samuel Lowenstein, who was not served with the notice of cancellation, service of the notice of cancellation, etc., without service of the precept upon the other, viz., Bernard Lowenstein, was ineffectual to warrant a determination by the trial justice in favor of the landlord and against the tenants, whose counsel stated on the return day that he appeared specially, and later that "the tenants filed the answer without prejudice to the motions heretofore made and the motions made to dismiss on the return day of this proceeding." The final order should therefore be reversed, with costs; the plaintiff testifying that he made no offer of what is required by the cancellation clause to any one except the tenant whom he failed to serve with the precept.

Final order reversed, with costs. All concur.