SCHEELE et al. v. WALDMAN et al.

(Supreme Court, Appellate Division, Second Department. March 4, 1910.)

1. LANDLORD AND TENANT (§ 94*)—TERMINATION OF LEASE—NOTICE.
    A notice, under a lease which gave the landlord the right to terminate it on 60 days' notice in the event of his conveying the premises, did not terminate it where he had not then conveyed, especially where the notice said that he had contracted to sell adjoining premises, and not the demised premises, which it expressly gave the tenants the right to retain.
    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 316; Dec. Dig. § 94.*]

2. LANDLORD AND TENANT (§ 94*)—TERMINATION OF LEASE—NOTICE—"FROM."
    A lease provided for its termination on 60 days' notice, in the event of the landlord conveying his right, title, and interest in the premises "from the 1st day of May, 1909, to the 1st day of May, 1910." Held, that the clause quoted was the period within which a conveyance would give the landlord the right to terminate the lease, and did not mean the term for which the conveyance was to be made, and so require a notice of 60 days prior to May 1, 1909, the word "from" therein meaning the same as "between"; and, the landlord having conveyed between the dates specified, the right to give the notice accrued to his grantees, so that the lease terminated 60 days after they gave notice on June 27, 1909.
    [Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 94.*
    For other definitions, see Words and Phrases, vol. 4, pp. 2981–2986; vol. 8, p. 7667.]

3. LANDLORD AND TENANT (§ 94*)—TERMINATION OF LEASE—NOTICE—REMOVAL OF TENANT—SUMMARY PROCEEDINGS.
    A provision in a lease for its termination on 60 days' notice was not a condition, but a limitation; and, after a notice for such time, the court had jurisdiction in summary proceedings to remove the tenant.
    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 316; Dec. Dig. § 94.*]

Appeal from Municipal Court, Borough of Brooklyn, Third District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Summary proceedings to recover possession of leased premises by George F. Scheele and others, copartners, against Max Waldman and another. From a final order in favor of defendants, plaintiffs appeal. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, THOMAS, JENKS, and BURR, JJ.

Charles L. Fasullo, for appellants.

William F. Hagarty, for respondents.

WOODWARD, J. This is an appeal by the landlords from a final order dismissing their petition in summary proceedings. On the 11th day of April, 1908, one James Rollo, owner of the premises at No. 23 Washington avenue, in the borough of Brooklyn, leased the same by an instrument in writing to the firm of Waldman & Rieke, and the lease was duly recorded. The term of the lease was for one year from the 1st day of May, 1908, and the instrument contained these clauses:

"It being further understood and agreed that in the event of the party of the first part conveying his right, title, and interest in and to the demised premises aforesaid to any other person, from the 1st day of May, 1909, to the 1st day of May, 1910, that upon sixty (60) days' notice in writing to that effect to the tenants these presents shall terminate and come to an end thenceforth.

"It being further understood that the tenants shall have the option to prolong this lease for a period of one year from the 1st day of May, 1909, to the 1st day of May, 1910, at the rental of one hundred and seventy-five ($175) dollars per month: Provided, however, they signify their willingness in writing to the landlord not later than April 1, 1909, that they will so elect to exercise such option, and which notice in writing shall be accompanied with one month's rent payable in advance, which shall be retained by the landlord for the last month's rent; i. e., April 1, 1910. The aforesaid option, at one hundred and seventy-five ($175) dollars per month, shall cover the entire building located at No. 23 Washington avenue and No. 140 West avenue, Wallabout Market, Brooklyn, N. Y."

On the 1st day of March, 1909, the landlord served upon the tenants the following notice:

"Messrs. Waldman & Rieke, 23 Washington Avenue, Wallabout Market, Brooklyn, N. Y.—Gentlemen: Please take notice that Mr. James Rollo has entered into a contract with one Ignetz Weissberger, in order to convey to the said Weissberger all his right, title, and interest which he now has in the premises No. 140 West avenue, Wallabout Market; that sixty days' notice in writing is hereby given you according to the terms of your lease with said James Rollo; and that, therefore, said lease will come to an end on the 1st day of May, 1909. Should you, however, be willing to retain the premises which you now occupy, 23 Washington avenue, you may signify your willingness to that effect.

"Respectfully yours,                    James Rollo, Landlord.
                                        "J. G. Giambalvo,
                                                "Attorney for Landlord."

On the 27th day of March, 1909, the tenants served upon the landlord a notice which stated, referring to the option clause in the lease:

"Pursuant to the same, we hereby give you notice that we have elected to prolong this lease for a period of one year from the 1st day of May, 1909, to the 1st day of May, 1910, at the rental of one hundred and seventy-five ($175) dollars per month, and hand you herewith the sum of one hundred and seventy-five ($175) dollars, the same being one month's rent payable in advance, which will be retained by the landlord for the last month's rent; that

is, April 1, 1910. Our election covers the entire buildings located at No. 23 Washington avenue and 140 West avenue, Wallabout Market, Brooklyn, New York City, possession of all of which we herewith demand on the 1st of May, 1909."

On the 1st day of May, 1909, the landlord, Rollo, conveyed all his right, title, and interest in and to the said demised premises to the present landlords, the petitioners, who on June 27, 1909, notified the tenants to vacate the premises within 60 days thereafter. The tenants refused to vacate, and this proceeding followed.

The notice of March 1, 1909, did not serve to terminate the lease at the expiration of 60 days from that date. At that time the landlord, Rollo, had not "conveyed his right, title, and interest in and to the demised premises"; and, under the clause of the lease providing for notice, it could not be given before he had done so. Moreover, the notice does not say that the landlord had contracted to sell the demised premises, No. 23 Washington avenue, but No. 140 West avenue, Wallabout Market; and it expressly gives the tenants the right to retain the premises at No. 23 Washington avenue. Whether the tenants also were lessees of No. 140 West avenue, Wallabout Market, under a separate lease, does not appear. If they were, this notice probably referred to that tenancy.

If any notice was effectual to terminate the lease, it was that given by the present landlords, under date of June 27, 1909. Whether this was a valid exercise of the right of the landlord to terminate the lease on 60 days' notice rests upon the interpretation of the clause:

"From the 1st day of May, 1909, to the 1st day of May, 1910."

Is that the period within which a conveyance of his "right, title, and interest" in the demised premises would give the landlord the right to terminate the lease; or does it mean the term for which the "conveyance" was to be made, and so require a notice of 60 days prior to May 1, 1909?

It was admitted on the trial that the demised premises were "conveyed" by Rollo to the present landlords on May 1, 1909. Rollo "conveyed" all his right, title, and interest in and to the demised premises. There is no mention of a leasing or subletting by Rollo to the present landlords, except in the brief submitted by the tenant. An absolute conveyance is all the record shows. Conveyances of all right, title, and interest are not commonly made for limited terms; at any rate, not unless the duration of the term is specified. It must be held that the word "from," in the clause above quoted, has the meaning of "between"; and the landlord, Rollo, having actually conveyed the demised premises to the present landlords between the dates specified, the right to give the notice provided for in the lease accrued to the present landlords, and the lease terminated 60 days after that notice was given.

The provision of the lease that it should terminate upon the giving of 60 days' notice was not a condition, but a limitation; and the trial court had jurisdiction in summary proceedings to remove the tenant. Miller v. Levi, 44 N. Y. 489.

The final order should be reversed, and a new trial ordered; costs to abide the event. All concur.