(79 Misc. Rep. 88.)

BRUDER v. CRAFTS & D'AMORA CO.

(Supreme Court, Appellate Term, First Department.   January 15, 1913.)

1. LANDLORD AND TENANT (§ 30*)—PROVISION FOR TERMINATION—VALIDITY.
    A provision in a lease that it shall terminate upon 60 days' notice of a bona fide sale is a valid limitation of the term.
    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 86, 87; Dec. Dig. § 30.*]

2. LANDLORD AND TENANT (§ 152*)—REPAIRS—"COVENANT RUNNING WITH THE LAND."
    A landlord's covenant to pay for repairs upon termination of the lease on notice of sale is a "covenant running with the land," and binds the heirs and assigns of the parties.
    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 152, 538–543, 545–549, 551–557; Dec. Dig. § 152.*
    For other definitions, see Words and Phrases, vol. 2, pp. 1698–1703.]

3. LANDLORD AND TENANT (§ 44*)—TERMINATION—CONSTRUCTION OF LEASE.
    Under a lease which provided that, in case the landlord made a bona fide sale of the premises during the term, he might cancel the lease upon 60 days' written notice to the tenant, the right of termination on sale was reserved only to the original lessor, and did not pass on the sale of the premises to his grantee, who accepted them subject to the lease.
    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 108–110; Dec. Dig. § 44.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Summary proceedings by Abe Bruder, as landlord, against the Crafts & D'Amora Company, tenant. From a final order of the Municipal Court, entered upon a verdict rendered by direction of the court in favor of the landlord, and from an order denying a motion for new trial, the tenant appeals. Judgment and final order reversed, and petition dismissed.

Argued November term, 1912, before LEHMAN and PAGE, JJ.

Marcus E. Joffe, of New York City, for appellant.

Henry C. Neuwirth, of New York City (John J. Weiss and F. J. Groehl, both of New York City, of counsel), for respondent.

LEHMAN, J.   In September, 1909, one William H. Palmer, Jr., leased certain premises to Louis H. Craft and Matthew R. D'Amora for a term of years. By mesne assignments the title to the premises has been transferred to the present landlord, and the lease has been

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

assigned to the present tenant. The lease contains the following clause:

"In case the landlord makes a bona fide sale of the premises above described during the term of this lease, it is mutually agreed that he shall have the right to cancel this lease upon 60 days' written notice to the tenants, and he agrees that in this event he will return to the tenants the rent for the last month of the term, which, as above stated, is to be paid upon the execution of this lease, and also that he will pay such amount as the tenants may have expended upon structural improvements to the building: Provided, however, that the landlord shall not be required to refund to the tenants the cost of any improvements for which the contracts for making which were not approved by the landlord in writing before said improvements were made."

The present landlord has made a bona fide sale of the premises, and has given the tenants 60 days' notice of his desire to cancel the lease, and the question presented by this appeal is whether these acts have caused the termination of the lease.

[1, 2] It is well established that a provision in a lease that it shall terminate upon 60 days' notice of a bona fide sale is a valid limitation of the term of the lease. It is also established that the covenant to pay for repairs upon such termination is a covenant running with the land, and binding the heirs and assigns of the parties. Douglaston Realty Co. v. Hess, 124 App. Div. 508, 108 N. Y. Supp. 1036.

[3] These considerations, however, do not dispose of the real question in the case, viz., whether the parties intended that the term should be limited upon a bona fide sale and notice by the original landlord, or upon a bona fide sale by the original landlord, his heirs and assigns. There can be no serious doubt but that the parties had a right to provide that the term of the lease should be limited upon either contingency, and if they have evinced the intention that the right to terminate shall be exercised by the landlord or his heirs and assigns, that intention can be given effect, even if they have not used the technical terms most appropriate to the situation. Adler v. Lowenstein, 52 Misc. Rep. 556, 102 N. Y. Supp. 492. In this case, however, the parties have used no term that shows any intent to give such a privilege to any person other than the original landlord, nor can I find in the entire instrument, construed in the light of the surrounding circumstances, any intent to give such right to the landlord's assigns. The original landlord was interested in preserving his right to make a sale free from the incumbrance of any lease, and has provided in the lease that upon a sale he shall have the right to terminate the lease. When he sold the premises, and his immediate assignee accepted them subject to the lease, the purpose of this clause had ceased. It is true that the new landlord might prefer to have the premises incumbered only by a lease which he also could terminate; but, in the absence of appropriate words giving him such a right, I fail to see how we can consider that the right reserved to the original landlord passed also to his assignee.

Judgment and final order should be reversed, with costs, and petition dismissed, with costs.

PAGE, J., concurs.