ALBERT V. KING, Respondent, *v.* HUDSON RIVER REALTY COMPANY, Appellant.

Real property — contract of sale — construction of covenant in contract for purchase and sale of building lots whereby vendor agreed to make certain improvements to streets on which lots abutted — action to recover damages for breach of such covenant — evidence — erroneous admission of evidence tending to modify covenant, and on question of damages.

1. Where a contract for the purchase and sale of building lots in a tract being developed by the vendor contains a covenant that "as part of the consideration for the said purchase price this company agrees to build proper streets and sidewalks, as shown on said map, on which these lots abut and put in a sewer," the meaning of such covenant must be found from the language employed in it, and in view of the place where the lots were located, their sur-

roundings, and the facts and circumstances affecting the parties at the time the contract was made. Full performance of the covenant includes such performance within a reasonable time in view of the amount of work required by the covenant.

2. Upon the trial of an action brought by the vendee to recover damages for the alleged breach of such covenant the trial court permitted plaintiff to testify, against defendant's objection, as to statements and promises made before the execution of the written contract by a sales agent of the defendant concerning the improvements that would be made to the lots if purchased by plaintiff. *Held*, error, that the agreements prior to the written contract were merged in it.

3. The trial court, for the express purpose of establishing notice to defendant, although the fact was not disputed, erroneously admitted, over defendant's objection, a number of letters to defendant, many of them from the counsel for plaintiff. These letters were largely composed of self-serving declarations or denunciations of the defendant; they did not directly or indirectly involve admissions by the defendant.

4. The trial court received, as evidence upon the measure of damages, and against the objection of defendant, testimony of plaintiff that he had received a verbal offer of a certain sum for his contract of purchase, providing the improvements according to the covenant were made by a certain time, and in the charge to the jury the court stated, subject to defendant's exception, that it had a right to consider plaintiff's testimony of a verbal offer for the lots in determining or fixing the value of the property. *Held*, error; that the offer was not one of such binding force as to permit it to be used by the jury as evidence of the value of the lots.

*King* v. *Hudson River Realty Co.*, 150 App. Div. 929, reversed.

(Argued January 22, 1914; decided March 17, 1914.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 3, 1912, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Clarence De Witt Rogers* for appellant. The admission of the letters of plaintiff and his attorney to the defendant and its attorney and officers characterizing the

improvements made by the defendant, was reversible error, as these are merely self-serving declarations. (*Viele* v. *McLean*, 200 N. Y. 260; *Engel* v. *United Traction Co.*, 203 N. Y. 321.) It was reversible error for the court to admit evidence of the loss of an alleged resale, and for the court to refuse to instruct the jury to disregard this evidence. (*Devlin* v. *Mayor, etc.*, 63 N. Y. 8; *Wetter* v. *Kleinert*, 139 App. Div. 220; *Stecker* v. *Weaver Coal & Coke Co.*, 116 App. Div. 772; *R. L. Co.* v. *S. & P. P. Co.*, 135 N. Y. 209; *Dillon* v. *Masterson*, 10 J. & S. 176; *Blair* v. *Townsend*, 5 Hun, 107; *B. C. Co.* v. *Scarborough*, 61 Misc. Rep. 334; *Jones* v. *Jones*, 120 N. Y. 589; *M. Groh's Sons* v. *Groh*, 177 N. Y. 8; *Johnson* v. *Blaney*, 198 N. Y. 312; *Engel* v. *United Traction Co.*, 203 N. Y. 321; *Gerarty* v. *Mayor, etc.*, 183 N. Y. 233.) It was error to permit the plaintiff, who was entirely uncorroborated, to testify to oral conversations with Slocum, defendant's sales agent, who had died before the trial, in which it was alleged that Slocum agreed on behalf of the defendant to lay cement sidewalks, curb and gutter and to permit the jury to base their verdict on this evidence. (*Rosseau* v. *Rouss*, 180 N. Y. 121.) Reversible error was committed in admitting evidence of value of the lots as a measure of damages. (*Martin* v. *N. Y., N. H. & H. R. R. Co.*, 103 N. Y. 626; *Middleworth* v. *Lowery*, 89 App. Div. 418; *Rudomin* v. *I. S. Ry. Co.*, 111 App. Div. 548; *Wallach* v. *Manhattan Ry. Co.*, 105 App. Div. 422; *McCarthy* v. *McDermott*, 10 Daly, 450; *Zimmerman* v. *Shapiro*, 55 Misc. Rep. 299; *Perrin* v. *N. Y. C. R. R. Co.*, 36 N. Y. 120; *Bissell* v. *N. Y. C. R. R. Co.*, 23 N. Y. 61; *Salter* v. *Jonas*, 10 Vroom, 469; *Hinchman* v. *Paterson Horse R. R. Co.*, 17 N. J. Eq. 75; *Friedman* v. *Snare & Triest Co.*, 42 Vroom, 605; *Young* v. *Penn. R. R. Co.*, 43 Vroom, 94.)

*Alexander S. Bacon* for respondent.

CHASE, J. This action is brought to recover damages for the alleged breach of a covenant contained in a written contract dated May 9, 1906, by which the plaintiff agreed to purchase and the defendant to sell certain lots in Bergen county, New Jersey, as shown on a map described in the contract. The covenant is as follows:

"As part of the consideration for the said purchase price this company hereby agrees to build proper streets and sidewalks as shown on said map on which these lots abut, and put in a sewer."

The plaintiff performed the contract on his part. The covenant was not performed by the defendant in 1906. It claims to have performed the covenant in 1907 and prior to September 1 of that year. It did in 1907 build streets and sidewalks abutting said lots and constructed a sewer in said streets. It is claimed by the plaintiff that the streets and sidewalks were not in accordance with the covenant. This action was commenced March 12, 1908. The complaint does not in terms claim damages because of delay in performing the covenant, but alleges that " defendant has failed and neglected to perform its said agreement by failing and neglecting utterly, as agreed, to build proper streets and sidewalks as shown by said map or otherwise and to put in a sewer, and said lots remain unimproved property." The material questions for determination on the trial were: 1. Did the defendant perform its covenant? 2. If it did not perform its covenant, then what was the difference in the value of the lots with the streets, sidewalks and sewers as built by the defendant, and their value, if the covenant had been fully performed? Notwithstanding such very simple questions for determination, a very large amount of testimony was taken on the trial, much of which directly tended to cause a misunderstanding by the jury of the issues submitted to it.

The meaning of the covenant should have been found from the language employed in it, having in view the

place where the lots were located, their surroundings, and the facts and circumstances affecting the parties at the time the contract was made. Full performance of the covenant includes such performance within a reasonable time in view of the amount of work required by the covenant.

The plaintiff was allowed to testify that some time before the written contract was made, a sales agent of the defendant told him that if he would purchase the lots the defendant would put in improvements the same as had been done on sections of land north of the sections in which the lots were situated, "putting the streets on to grade, the sewers, sidewalks, gutters, water and gas, etc., all the improvements," and that, "he would try and have the improvements completed within about six weeks." This testimony was admitted notwithstanding the defendant objected to the same as "incompetent, irrelevant and immaterial, the contract being in writing." The objection was overruled and the defendant excepted. It was error to allow such testimony, as the agreements prior to the written contract were merged in it.

The plaintiff testified that during the year 1906 he continuously demanded of the defendant that it make the improvements. Although such evidence of demands was undisputed, the court for the express purpose of establishing notice to the defendant, admitted eighteen letters, many of them to the defendant from the counsel of the plaintiff. The defendant objected to these letters and each of them upon the ground that they were incompetent, irrelevant and immaterial and they were received, subject to an exception by the defendant to their admission. The defendant did not at any time offer the said letters or either of them in evidence or any correspondence or conversation in any way connected with them or either of them. Among the letters so received was one dated December 19, 1906, written by counsel for the plaintiff to the defendant in which he says:

"You intimate that your contract with Mr. King does not bind you to build the streets and sidewalks on or before November 18, 1906. Permit me to suggest that the contract itself does not either bind you to build these streets and sidewalks on or before November 38, 1926. Every contract has read into it 'within a reasonable time,' when no date is fixed. This work could be done in thirty days and should have been done months ago. Sixty days was certainly more than a reasonable time. Besides you have an agreement with the purchaser of the mortgage to do this work on or before November 18, 1906. This is an acknowledgement by you that the work should have been done before that time."

In another between the same parties dated August 22, 1907, it is said:

"Mr. King has just advised me that the alleged improvements are a mere pretext. They do not rise to the dignity of an excuse. The improvements covenanted for have not been made and it is evident that the Co. does not intend to make them in good faith. They should have been completed months ago, Mr. King had a contract for the sale of these lots but it fell through because these improvements had not been made as agreed. I cannot advise him to defend the foreclosure to protect farm lands or rather marsh lands when he bought improved property. We shall sue the Co. as soon as we shall have determined upon the amount of damages. If the Co. wants to settle it can pay Mr. King back his money with interest and all expenses."

In another between the same parties, dated October 16, 1907, it is said:

"He is very firm in his statements that it was represented to him that all improvements, including sidewalks, water, gas, etc., should be made on all of the streets bordering upon his properties. These improvements have not been made and the policy of the company has been such as to depress prices in that vicinity. It is now about

a year after these improvements should have been made
under the terms of the guaranty and the recent pretense
of the company to have made certain improvements is
not in good faith. These improvements are nothing com-
pared with what should have been made. Mr. King
bought improved property, not farm lands, and his dam-
ages have been very great. He wants his money back
with interest and expenses."

These letters were principally composed of self-serving
declarations. They related largely to past transactions
and included accusations or denunciations of the defend-
ant for its alleged failure to do what the writer asserts
should have been done. They did not, directly or indi-
rectly, involve admissions by the defendant. The denun-
ciations and assertions therein could not have been other
than damaging to the defendant. They directly tended
to divert the minds of the jury from the issues that were
before it for determination. Their receipt was error.
(*Viele* v. *McLean*, 200 N. Y. 260; *Bank of British North
America* v. *Delafield*, 126 N. Y. 410.)

The plaintiff was permitted to testify that he had
received a verbal offer of $5,000 for his contract of pur-
chase providing the improvements according to the cove-
nant were made by the first of December, 1906. The tes-
timony was objected to as incompetent, irrelevant and
immaterial and as being a conversation not in the pres-
ence of any one representing the defendant. The court
allowed the testimony upon the measure of damages.

The court again in the charge to the jury stated sub-
ject to the defendant's exception that it had a right to
consider the plaintiff's testimony of a verbal offer for the
lots in determining or fixing the value of the property.
The offer was not one of such binding force as to permit
it to be used by the jury as evidence of the value of the
lots.

Evidence was also received of a covenant by the defend-
ant in an agreement between it and a savings and loan

company relating to an assignment of certain mortgages given by the plaintiff upon said lots. Such covenant was not admissible in evidence in this case except as an admission by the defendant of what would be a reasonable time for it to perform the work in said covenant mentioned.

The questions for determination as we have stated were simple and the evidence should have been confined to the facts legitimately bearing upon them.

The judgment should be reversed and a new trial granted, with costs to abide the event.

WILLARD BARTLETT, Ch. J., WERNER, COLLIN, CUDDEBACK and HOGAN, JJ., concur; MILLER, J., not sitting.

Judgment reversed, etc.