(164 App. Div. 614)

PALMER v. SCHWARZENBACH et al.    (No. 6375.)

(Supreme Court, Appellate Division, First Department.    December 4, 1914.)

EVIDENCE (§ 220*)—ADMISSIONS—FAILURE TO DENY—LETTERS.

Where plaintiff, shortly before suit, wrote one of the defendants, who lived in a distant city, and whose active interest in the business of the concern was slight, the letter containing statements which, if true, were damaging to the defense, the letter was not admissible in connection with the reply, where the reply merely disclaimed knowledge of the controversy and declined to give any opinion as to it, in the absence of more detailed information.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 771–785; Dec. Dig. § 220.*]

Appeal from Trial Term, New York County.

Action by Thomas Palmer against Arthur Schwarzenbach and others. From judgment upon the verdict, and from an order denying a new trial, defendants appeal. Judgment and order reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Kenneth C. Kirtland, of New York City (Henry W. Bridges, of New York City, of counsel), for appellants.

Hardy, Stancliffe & Whitaker, of New York City (Noah A. Stancliffe, of New York City, of counsel), for respondent.

CLARKE, J.    The complaint alleged: For a first cause of action, that the defendants entered into an agreement with the plaintiff for a valuable consideration whereby each agreed to sell to him 10 shares of the stock of the A. E. Stephens Company; that plaintiff had duly performed all the conditions of said agreement on his part to be performed, but the defendants had failed, neglected, and refused to perform

their agreement, and by reason thereof he has been damaged in the sum of $7,530. For a second cause of action, that the defendants agreed to sell to the ·plaintiff 20 shares of the capital stock of the said company; that he had performed, but that they had failed to do so, whereby he had been damaged in the sum of $5,020.

There was no dispute at the trial in regard to the agreement respecting the 30 shares of stock; the controversy was as to the second cause of action, the 20 shares of stock, and as to the value of the stock. There was no motion made to dismiss the complaint, or for the direction of a verdict, so that it is conceded that the issues of fact were presented for the determination of the jury.

It was in evidence that the defendant Ingalls, the secretary of the A. E. Stephens Company, which had its principal place of business in the city of Binghamton, was also the president of the Ingalls Stone Company, which had its quarries at Bedford, Ind., where he lived; that that business called him away from Binghamton a great deal, and that he had but a very slight active business interests in the Stephens‾ Company. The plaintiff offered in evidence a letter, addressed to Mr.· Ingalls at Bedford, Ind., under date of October 7, 1911, after he had left the employ of the company, which was objected to as a self-serving declaration, and as incompetent and irrelevant. It was received, and defendants excepted. That letter, known as "Exhibit 6," contained most damaging statements to the defense, if accepted as true; and the whole letter is clearly a self-serving declaration. It was not a response to any previous communication or letter, was written long after the alleged transaction, was written when suit was contemplated, and was clearly inadmissible. To give a color of right to its introduction, plaintiff introduced Mr. Ingalls' answer under date of Bedford, Ind., October 9, 1911. This answer demonstrates the inadmissibility of plaintiff's letter. Mr. Ingalls says:

"Referring to your favor of October 7th in reference to settlement with the Stephens Company, beg to say I am entirely unfamiliar with any phase of the case. I only know that you left the firm's employ on October 1st. I have had no information regarding the proposed settlement with you, and am in no position to pass an intelligent opinion on the fairness, or otherwise, of the proposition made you by Stephens. I am sure we all want to treat you with absolute fairness to all concerned, but until I am in possession of additional facts and figures I cannot give you an intelligent opinion on the subject."

In Viele v. McLean, 200 N. Y. 260, 93 N. E. 468, Chief Judge Cullen said:

"It would be difficult to imagine a declaration more exclusively self-serving than that contained in this statement. It was purely a narrative of a past transaction, * * * and was no part of a correspondence between the parties. The theory on which it was admitted in evidence seems to be that the defendant's failure, upon the receipt of the statement, to deny its truth was in the nature of an admission. It is well settled that this is an erroneous view of the law."

In King v. Hudson River Realty Co., 210 N. Y. 467, 104 N. E. 926, Judge Chase said:

"These letters were principally composed of self-serving declarations. They related largely to past transactions. * * * They did not, directly or indirectly, involve admissions by the defendant. The denunciations and asser-

tions therein could not have been other than damaging to the defendant. They directly tended to divert the minds of the jury from the issues that were before it for determination. Their receipt was error. Viele v. McLean, 200 N. Y. 260 [93 N. E. 468]; Bank of British North America v. Delafield, 126 N. Y. 410 [27 N. E. 797]."

The judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.