KRIM REALTY CORPORATION, Respondent, v. ANTONIO E. VARVERI, Named Herein as ANTONIO VARORI, Appellant.

(Supreme Court, Appellate Term, First Department, November, 1916.)

Lease — provisions of — when landlord may not cancel — landlord and tenant.

> Where a lease provides that in case a purchaser of the premises demands possession the landlord may cancel the lease upon giving the tenant a sixty-day notice in writing of intention so to do and making him a certain payment, the right of cancellation is a covenant running with the land, and the grantee who purchased subject to the lease is not entitled to cancel it until he sells the property.

APPEAL by tenant from final order in summary proceedings in the Municipal Court of the city of New York, borough of Manhattan, third district, awarding possession of premises to petitioner.

Deyo & Bauerdorf (Howard C. Taylor, of counsel), for appellant.

Myers & Goldsmith (Josiah Canter and S. Sydney Krim, of counsel), for respondent.

SHEARN, J. This proceeding was brought to recover possession of certain premises on the ground that the appellant was holding over after the expiration of his term. Appellant was in possession under a written lease dated August 3, 1915, made between him as tenant and the Bond and Mortgage Guarantee Company, as landlord, for a term of three years from September 1, 1915, at an annual rental of $2,000. The lease contained the following clause:

"In case the said landlord sell the said premises and the purchaser thereof demands possession of the

Supreme Court, Appellate Term, November, 1916.  [Vol. 97.

same the landlord may cancel this lease by giving to the said tenant sixty days' notice in writing of its intention to do so, and if such notice be given this lease shall end and terminate at the expiration of such sixty days, and if such lease be terminated within the first six months of said term, the landlord shall pay to the said tenant two thousand five hundred dollars ($2,500.00), and if, during the second six months of said term, the landlord shall pay to the said tenant two thousand dollars ($2,000), and if the said lease be terminated after that, the said landlord shall pay the said tenant five hundred dollars ($500.00) less during each succeeding six months of said term, in which said lease is terminated.''

On March 1, 1916, respondent entered into a written agreement for the purchase of said premises from the Bond and Mortgage Guarantee Company. Said contract recited that the premises were to be sold subject to appellant's lease, as follows: '' Subject also to a certain lease made by the seller to Antonio Varori dated Aug. 3/15, which has been exhibited to the purchaser.'' Respondent took title to said premises on March 16, 1916, by deed which recited that the premises were '' subject also to a lease and to lettings to present monthly tenants.'' At the same time the Bond and Mortgage Company assigned to respondent the lease held by appellant. On April 1, 1916, appellant paid his rent for the month of April to respondent's agent, and the agent turned it over to respondent. Appellant likewise paid the rent for the month of May, 1916. No proof was given as to the payment of the May installment, but the petition alleges that the appellant '' attorned to the said Krim Realty Corporation and paid the rent to it as provided for in the lease * * *.'' This necessarily implies that the May rent was paid when due and such is the fact. On

April 12, 1916, which was after payment of the April installment of rent, respondent notified appellant that it demanded possession of the demised premises on June 12, 1916. On June twelfth, an officer of respondent offered the sum of $2,000 to appellant and asked him if he intended to get out. He replied that he would not get out. There was no proof of any notice of cancellation sent to appellant prior to the notice sent him by respondent on April twelfth, which was after he had paid the April installment of rent. The proceeding was tried before a jury. At the conclusion of the trial each side moved for the direction of a verdict. The jury was discharged and decision was reserved. Thereafter decision was rendered awarding possession of the demised premises to the landlord.

Whether the cancellation clause was personal to the original lessor or ran with the land is to be determined by the intention of the parties. *Bruder* v. *Crafts & D'Amora Co.,* 79 Misc. Rep. 88. In the case under consideration the privilege of cancellation is limited to the following contingency: " In case *the said landlord* sell the said premises and the *purchaser* thereof demands possession of the same the *landlord* may cancel this lease by giving to *the said tenant* sixty days' notice in writing of its intention to do so." These words would seem to limit the privilege of cancellation to " the said landlord," *i. e.,* the original lessor. The " purchaser " is the person who is under the contract to purchase, but who has not yet taken title. The language used contemplated three parties, the landlord, the purchaser and the tenant. It also contemplated a notice of cancellation by the *landlord* in case the *purchaser* demanded possession. The situation of the parties also indicates that the intent was that the cancellation clause should be personal to the lessor. The Bond and Mortgage Guarantee Com-

pany evidently contemplated disposing of this prop-
erty and, realizing that a straight three-year lease
might prevent a sale or at least affect the selling
price, it stipulated for a cancellation of the lease in
case it sold to a purchaser who demanded possession.
On the other hand, the appellant was required by the
lease to expend at least $3,000 in altering, repairing
and fitting up the store and was required to make all
inside and outside repairs. He would naturally refuse
to enter into a lease which might be canceled at any
time in the future. Consequently, the parties em-
ployed special language not found in the usual cancel-
lation clause. The company was thereby enabled to
dispose of the property to the best possible advantage,
either subject to the lease or free of it as the pur-
chaser desired, and the tenant was secured because, if
the Bond and Mortgage Company sold the property
subject to the lease, the tenant could not be disturbed
until the expiration of his term. There is nothing to
the contrary in *Adler* v. *Lowenstein,* 52 Misc. Rep. 556,
relied upon by the respondent. In that case the court
said: " From the whole instrument, as well as from
its several parts, from its subject matter and situa-
tion of the parties, it may be concluded that the par-
ties to the lease understood the right to cancel,
as therein provided, would pass even to subsequent
grantees, and so to the landlord herein." The lease
there provided that it might be canceled *at any time,*
which implied that the privilege of cancellation was
intended to pass to the grantee. What was actually
held in that case was that the final order awarding
possession to the landlord should be reversed because
the cancellation notice was improperly served. The
cases of *Dierig* v. *Callahan,* 35 Misc. Rep. 30, and
*Douglaston Realty Co.* v. *Hess,* 124 App. Div. 508, are
merely cases where the owner having given the notice

permitted by the lease declined to pay the considera-
tion reserved to the tenant and the court held that the
tenant was entitled to recover. In the case of *Scheele*
v. *Waldman,* 136 App. Div. 679, cited by respondent,
the lease contained this covenant: '' It being further
understood   *   *   *   that in the event of the party of the
first part conveying his right, title and interest in and
to the demised premises aforesaid to any other person
*   *   *     that upon sixty days' notice in writing to
that effect to the tenants, these presents shall termi-
nate and come to an end thenceforth.'' The difference
between that clause and the one under consideration
appears sufficiently obvious, there being nothing in
that clause evincing any intention that the privilege of
cancellation should be personal. The case of *Matter
of Coatsworth,* 160 N. Y. 114, does not appear to be at
all in point.

But it is not necessary to determine whether the
privilege is personal for if the right of cancellation
were a covenant running with the land it would not
entitle the grantee to cancel the lease until it, in turn,
made a sale. *Butler & Herman Co.* v. *Meth,* 122 N. Y.
Supp. 271. When the respondent accepted an install-
ment of rent from appellant, it became the landlord,
and if it was at all entitled to the privilege of cancel-
lation contained in paragraph 14 it could only exercise
the privilege in the one case specified in that para-
graph which was '' In case the said landlord sell the
said premises and the purchaser thereof demands pos-
session.''

The final order is reversed, with thirty dollars costs,
and the proceeding is dismissed, with costs.

Guy and Bijur, JJ., concur.

Final order reversed, with costs.