CHILDS COMPANY, Landlord, *v.* CHARLES BURKE, Tenant.

(Municipal Court of City of New York, Borough of Manhattan,
First District, January, 1920.)

**Lease — provisions of — when landlord may cancel and terminate
— landlord and tenant — summary proceedings.**

> Where a lease, every provision of which was binding upon
> both parties and their respective successors in interest, expressly
> provided that the landlord might cancel and terminate the lease
> at any time by mailing in a postpaid envelope a thirty days'
> written notice of his intention so to do, addressed to the tenant
> at the premises, such provision is a conditional limitation upon
> the term of the lease, and the right to cancel it by giving the
> notice provided for, passes to a grantee of the original landlord.

SUMMARY proceeding to recover possession of real
property.

Barber, Watson & Gibboney (Joseph Diehl Fackenthal, of counsel), for landlord.

Isidor Weckstein (J. M. Mandelbaum, of counsel),
for tenant.

GENUNG, J. Summary proceeding to recover possession of the basement floor in the building known as
No. 377 Fifth avenue, borough of Manhattan, city of
New York, is brought by the Childs Company, the
present owner, against Charles Burke, tenant in possession.

The lease was made on July 12, 1918, between Van
Horne Norrie and Charles Burke, for a term to commence September 1, 1918, and to end on September 30,
1921. The lease contains the following covenants:

" *Seventeenth.* This lease, and every provision
hereof, shall bind, apply to and run in favor of the

landlord, and the tenant and their respective successors in interest.''

The landlord covenants: `` * * * *Fourth.* The landlord hereby reserves the right to cancel and terminate this lease at any time, giving the tenant 30 days' notice in writing of his intention so to do by mailing the same addressed to the tenant at the premises in a postpaid envelope, deposited in any letter box or post office of the United States Government. Upon giving such notice this lease shall terminate at the expiration of the said thirty days from the date hereof, nothing herein contained to the contrary notwithstanding.''

It is conceded that on October 15, 1919, the reversion of the premises above mentioned was granted and conveyed to Childs Company, the landlord herein, and that on October 23, 1919, the said Childs Company gave the tenant notice of its intention to cancel said lease thirty days from the date of the notice and `` that the said lease is hereby terminated at the expiration of said thirty days from the date hereof and you are hereby required to surrender possession of said premises at the expiration of said thirty days from the date of this notice and not later than the 24th day of November, 1919.''

The provision of the lease above quoted constituted a conditional limitation upon the term of the lease, and it has long been the settled law of the state that the giving of the notice therein provided acts as a termination of the lease, as if that were the original date of expiration, so that if the notice is properly given the tenant is in the position of one holding over after the expiration of his term without the permission of his landlord (*Miller* v. *Levi,* 44 N. Y. 489), and the court has jurisdiction of the proceedings. There is here no question as to the sufficiency of the notice as to form or as to the proper service thereof. The

only question presented is whether Childs Company was entitled to terminate the lease by the service of the notice or whether the right to terminate the lease by the service of the notice was limited to the former owner.

The tenant contends that the right to terminate by the service of the said notice was limited to the former owner by the wording of the lease. The covenant of the lease reads: " The landlord hereby reserves the right to cancel and terminate this lease at any time by giving the tenant thirty days' notice in writing." The courts have held such a clause was limited to the former owner. In *Bruder* v. *Crafts & D'Amora Co.,* 79 Misc. Rep. 88, the lease provided that it shall terminate upon sixty days' notice of a *bona fide* sale, and it appeared that the landlord did make a *bona fide* sale of the premises, and gave the tenant sixty days' notice to cancel the lease. In the lower court final order was granted to the landlord, and on appeal the decision was reversed, Judge Lehman writing: " In this case, however, the parties have used no term that shows any intent to give such a privilege to any person other than the original landlord, nor can I find in the entire instrument, construed in the light of the surrounding circumstances, any intent to give such right to the landlord's assigns." In *Krim Realty Corporation* v. *Varveri,* 97 Misc. Rep. 407, the lease provided that if the landlord sells the premises and the purchaser thereof demands possession of the same, the landlord may cancel the lease by giving to the tenant sixty days' notice in writing of its intention so to do. It appeared that the landlord sold the premises and the purchaser demanded possession thereof. In the lower court final order was granted to the landlord, and on appeal the decision was reversed, Judge Shearn writing: " These words would seem to limit the privilege of cancellation

to ' the said landlord '— *i. e.*, the original lessor. The ' purchaser ' is the person who is under the contract to purchase, but who has not yet taken title. The language used contemplated three parties, the landlord, the purchaser and the tenant. It also contemplated a notice of cancellation by the *landlord* in case the *purchaser* demanded possession. The situation of the parties also indicated that the intent was that the cancellation clause should be personal to the lessor." A similar clause was construed in *Griffin* v. *Barton,* 22 Misc. Rep. 228.

The landlord contends that by the express words of the foregoing provision of the lease, *i. e.,* " This lease, and every provision hereof, shall bind, apply to and run in favor of the landlord and the tenant and their respective successors in interest," the right to cancel the lease by the service of a notice in writing was not personal to the original owner, but passed to the new owner as a " successor in interest." In *Douglaston Realty Co.* v. *Hess,* 124 App. Div. 508, the lease provided " the covenants and agreements contained in the within lease, are binding upon the parties and their legal representatives," and that clause was held to run with the land and to inure to the benefit of assigns by express provision of the stipulation. In *Adler* v. *Lowenstein,* 52 Misc. Rep. 556, the lease provided " that the covenants and agreements contained in the written lease are binding on the parties and their legal representatives," and it was held that the right to cancel the lease at any time upon fifteen days' written notice, therein reserved to the parties of the first part, the lessors, was not personal to the parties of the first part therein, but did pass to subsequent grantees, as included in the term " legal representatives." In *Scheele* v. *Waldman,* 136 App. Div. 679, even without express provision, it was held that the right to termi-

nate a lease devolved upon the grantee of the landlord. It is further to be noted that the right of the landlord to terminate the lease by the service of a notice was unconditional, as distinguished from the provisions in the leases construed in *Bruder* v. *Crafts & D'Amora Co.* and *Krim Realty Corporation* v. *Varveri, supra,* and was to be exercised at any time upon giving the tenant thirty days' notice in writing of his intention so to do.

In the absence of any term or covenants in the lease, or of any surrounding circumstances, showing an intention to give such a privilege to any person, other than the original landlord, the right to cancel and terminate the lease at any time by giving the tenant thirty days' notice in writing of his intention so to do would seem to be personal to the original landlord and limited to him. But, in view of the express provision of the seventeenth covenant, it would seem that such right to cancel and terminate the lease at any time by giving the tenant thirty days' notice in writing was not personal to the original landlord and limited to him, but that it passed to the grantee of the original landlord as his " successors in interest," the Childs Company, the landlord herein. *Douglaston Realty Co.* v. *Hess; Adler* v. *Lowenstein, supra.*

The landlord is, therefore, entitled to a final **order** awarding to it possession of the premises.

Ordered accordingly.