507 MADISON AVE. REALTY CO., INC., Landlord, *v.*
NICHOLAS MARTIN, Tenant.

(Municipal Court of the City of New York, Borough of Manhattan,
Ninth District, January, 1921.)

Lease — construction   of — personal   covenants — landlord   and tenant — cancellation   clause — summary   proceedings — evidence.

> If there is any doubt or uncertainty as to the meaning of a lease, it will be construed in favor of the tenant.   (P. 318.)
>
> A lease not in terms providing that the conditions and covenants thereof should bind the legal representatives, heirs and assigns of the parties, contained the following:
>
> " Said landlord reserves the right to terminate this lease and the term thereof at any time after May 1, 1920, in case of a *bona fide* sale of the property upon giving 90 days' notice in writing to said tenant, addressed to said demised premises, of his intention to so terminate the same, and this lease and the term thereof shall cease, determine and end at the expiration of 90 days from the day when such notice is given."
> *Held,* that the covenant contained in said clause did not run with the land but was purely personal to the landlord and he having died without having exercised the privilege to terminate

the lease, it could not be exercised by any subsequent grantee of the premises. (Pp. 317, 318.)

The present landlord in a summary proceeding against the tenant as a holdover after service upon him of the ninety days' notice called for by the lease, having failed to establish that the conveyance of the premises to said landlord by the grantee of the executors of the original landlord, was a *bona fide* sale which would entitle the petitioner to any rights under the cancellation clause, even if it were held that the covenant was one running with the land, the tenant is entitled to a final order dismissing the proceeding upon the merits. (Pp. 320, 321.)

The deposition of the agent of the landlord, who as broker negotiated the lease with the tenant, was inadmissible in evidence, the provision of the lease not being ambiguous. (Pp. 319, 320.)

SUMMARY proceedings.

Myers & Sherwin (David S. Myers, of counsel), for landlord.

Arthur S. Luria (George L. Ingraham, of counsel), for tenant.

GENUNG, J. This is a holdover proceeding brought by the landlord to regain possession of premises on the ground that the tenant is holding over after the expiration of his lease.

The facts are not disputed. They involve the interpretation of the lease under which the tenant is in possession.

On or about December 19, 1912, Simeon J. Drake leased the premises to the tenant herein. Mr. Drake died on October 6, 1914. His executors conveyed the premises on or about August 11, 1915, to a corporation known as 540 Madison Avenue Corporation. This conveyance contained a provision that the premises were conveyed subject to the lease between Mr. Drake and Mr. Martin, the tenant herein. On May 3, 1920, the 540 Madison Avenue Corporation served a notice on

the tenant that, under paragraph 12 of the lease in question, hereinafter quoted, the tenant was " notified that it is the intention to terminate the term of your said lease, said termination to take effect ninety days from the date of this notice."

Some time after this notice was given and on or about June 22, 1920, the 540 Madison Avenue Corporation assigned the lease to the petitioner in this proceeding.

The interesting legal question involved concerns the said paragraph 12 of the original lease, which reads as follows:

" 12. Said *landlord* reserves the right to terminate this lease and the term thereof at any time after May 1, 1920, in case of a *bona fide* sale of the property upon giving 90 days' notice in writing to said tenant, addressed to said demised premises, of *his* intention to so terminate the same, and this lease and the term thereof shall cease, determine and end at the expiration of 90 days from the day when *such notice* is given. And thereafter said *landlord* may re-enter upon and take possession of the demised premises and every part thereof, either by force or otherwise, without being liable to prosecution or damages therefor, and have and enjoy the said premises as of their former estate, free, clear and discharged of this lease and of all rights of the tenant hereunder. In the event of the cancellation of this lease in the manner hereinbefore provided the *landlord* shall pay to the tenant as consideration for the surrender of the said premises the sum of five thousand ($5,000) dollars." (Italics mine.)

It is the contention of the tenant that the privilege of terminating the lease on 90 days' notice was personal to the original landlord, Mr. Drake, and that it did not run with the land, and that inasmuch as Mr.

Drake died without having exercised the privilege, this privilege necessarily terminated with his death and could not be exercised by any subsequent transferee of the property If this be so, it will follow that the present proceeding cannot be maintained.

The lease does *not* contain any clause providing that the conditions and covenants thereof shall bind the legal representatives, heirs and/or assigns of the parties.

The language used by the parties was clear and unequivocal. It was neither indefinite nor ambiguous. It presents a pure question of law, to wit, the construction of the language thus employed.

It may well be observed preliminarily that in construing a written lease the general rule is that it shall be construed against the grantor and that if there be any doubt and uncertainty as to the meaning of such lease it shall be construed in favor of the grantee. *Smith* v. *Rector,* 107 N. Y. 610, 619. Even irrespective of this canon of construction it is my opinion that the covenant contained in this clause is a purely personal one and does not run with the land. Reeves Real Prop. 833. Consequently the reservation of the right to terminate being one personal to Mr. Drake, it ceased with his death, and could not thereafter be exercised by any subsequent transferee. I cannot find any expressed intent in the entire instrument of lease to give any right to terminate to the landlord's legal representatives or assigns.

In *Bruder* v. *Crafts & D'Amora Co.,* 79 Misc. Rep. 88, the Appellate Term, first department, held that a much similar clause was personal to the original landlord and could not be exercised by an assignee. The court there said, speaking through Lehman, J.: " The original landlord was interested in preserving his right to make a sale free from the incumbrance of any

lease and has provided in the lease that upon a sale he shall have the right to terminate the lease. When he sold the premises and his immediate assignee accepted them subject to the lease the purpose of this clause had ceased. It is true that the new landlord might prefer to have the premises encumbered only by a lease which he also could terminate, but in the absence of appropriate words giving him such a right I fail to see how we can consider that the right reserved to the original landlord passed also to his assignee.''

This ruling was followed in the subsequent case of *Krim Realty Corporation* v. *Varvori*, 97 Misc. Rep. 407, where the Appellate Term, speaking through Shearn, J., held a similar clause, worded even more strongly in the landlord's favor, to be a privilege personal to the original landlord.

The other authorities relied upon by the landlord, including *Childs Co.* v. *Burke*, 110 Misc. Rep. 103, are readily distinguishable, as they all relate to covenants manifestly running with the land, and are so worded and provided, whereas the above-quoted covenant, in my judgment, is merely personal.

At the trial the tenant offered in evidence the deposition of the agent of the lessor, who negotiated this lease as broker with the lessee, to which objection was made by the landlord on the ground that it would tend to alter, vary and contradict the terms of a written instrument. While there are cases in which such a deposition would be admissible to show the intention of the parties (*Thomas* v. *Scutt*, 127 N. Y. 133; *Murdock* v. *Gould*, 193 id. 369; *Smith* v. *Finkelstein*, 162 App. Div. 128), in view of the finding of the court that the provision of the lease is not ambiguous, and clearly indicates the intenton of the parties thereto, the deposition is inadmissible under the authorities. *Imperator*

Municipal Court of New York, January, 1921.    [Vol. 114.

*Realty Co.* v. *Tull*, 228 N. Y. 447; *Thomas* v. *Scutt, supra; King* v. *Hudson River Realty Co.*, 210 N. Y. 467.

The provision of the lease in question refers to " a *bona fide* sale." There is no question raised that the sale by the executors of Simeon J. Drake, the original lessor, to the 540 Madison Avenue Corporation, as shown by the deed, dated August 11, 1915, was a *bona fide* sale. But in the mind of the court there is a question as to whether the sale from the 540 Madison Avenue Corporation to the 507 Madison Avenue Realty Co., Inc., was a *bona fide* sale. It appears that on February 5, 1920, the tenant wrote a letter to the 540 Madison Avenue Corporation asking " as to what are the possibilities of having cancellation clause in our lease waived for the balance of our term." On February 7, 1920, the 540 Madison Avenue Corporation wrote to the tenant " that there is no possibility of our waiving the cancellation clause contained in your lease at the present time." On March 18, 1920, the 540 Madison Avenue Corporation made a contract for the sale of the property to the 507 Madison Avenue Realty Co., Inc. On May 3, 1920, the 540 Madison Avenue Corporation served the notice of termination of the lease on the tenant. On May 5, 1920, the 540 Madison Avenue Corporation executed a deed for this property to the 507 Madison Avenue Realty Co., Inc. In other words, after the inquiry by the tenant as to the possibility of waiving the cancellation clause, the owner made a contract of sale to another corporation, and two days after giving notice to the tenant of termination of the lease, the owner delivered the deed to the other corporation, the petitioner in this proceeding. Thereafter the 507 Madison Avenue Realty Co., Inc., brought this proceeding, relying on this transfer as a *bona fide* sale, and claiming it would entitle it to terminate the lease of the present tenant.

In view of these events the court is of opinion that the landlord has failed to establish a *bona fide* sale which would entitle the present landlord to any rights under the cancellation clause even if it were held to be a covenant running with the land. On this question of fact the court finds in favor of the tenant.

It follows that the tenant is entitled to a final order awarding him possession of the premises and dismissing the petition upon the merits.

Ordered accordingly.