ELIAS REALTY CO., INC., Appellant, *v.* EDITH J. LUTTRELL, Respondent.

Supreme Court, Appellate Term, First Department, January Term — Filed February, 1923.

**Landlord and tenant — action for rental value of premises — when lease not automatically renewed by its terms.**

A lease of an apartment in the city of New York contained the following provision: "That this letting and hiring shall be deemed to be and shall be extended and renewed by and against the parties hereto for a further term of one year from the expiration of the term granted hereby, at the same rental without any deduction or concession and upon all the above terms, conditions and covenants unless either party on or before the first day of April next preceding the termination of the term granted hereby shall give written notice to the other of an intention to surrender or have possession of the premises as the case may be on the 30th day of the following September. This clause shall be and continue operative likewise, with respect to any renewal, extension or extensions hereof." The grantee of the original landlord notified the tenant in writing that her lease would expire October 1, 1921, and that unless she called to see the landlord before April 1, 1921, according to the terms of the lease, the landlord would conclude that the tenant intended to vacate the apartment and would consider it for rental. In an action to recover the reasonable rental value, the defense actually litigated was the question whether the lease previously existing had become automatically renewed purely as a question of law.

One interpretation of the clause would lead to the result that the tenant would have the privilege of a lease in perpetuity, an interpretation that is not favored and will never be adopted unless expressed in unequivocal terms, and another, that the lease terminated at the close of the then current period. *Held*, that in either view the landlord was entitled to recover on the theory that the lease had expired, and it was error to dismiss the complaint.

APPEAL by landlord from a dismissal of his complaint to recover for the reasonable rental value of an apartment occupied by

defendant, the defense actually litigated being the question of law whether the lease previously existing had become automatically renewed.

*Louis Rosenberg* (*Hyman Grill,* of counsel), for appellant.

*John M. Wilson,* for respondent.

BIJUR, J. The lease contained the following provision: " That this letting and hiring shall be deemed to be and shall be extended and renewed by and against the parties hereto for a further term of one year from the expiration of the term granted hereby, at the same rental without any deduction or concession and upon all the above terms, conditions, and covenants unless either party on or before the first day of April next preceding the termination of the term granted hereby shall give written notice to the other of an intention to surrender or have possession of the premises, as the case may be on the 30th day of the following September. This clause shall be and continue operative likewise, with respect to any renewal, extension or extensions hereof."

The appellant, grantee of the original landlord, sent the following notice to the tenant:

" Mrs. E. J. LUTTRELL,

" 316 W. 93rd St., N. Y. City:

" DEAR MADAM.— We beg to notify you that your lease expires Oct. 1, 1921, and unless you call to see us before April 1st, 1921, according to the terms of the lease, we shall conclude that you intend to vacate the apartment and shall consider it for rental.

" Yours truly,

" ELIAS REALTY CO., INC.

" M. CHAPMAN, *Secty.*"

The learned judge below dismissed the complaint on the authority of *Bruder* v. *Crafts & D'Amora Co.,* 79 Misc. Rep. 88. I think that that determination must be deemed qualified at least by *507 Madison Avenue Realty Co., Inc.,* v. *Martin,* 200 App. Div. 146; affd., 233 N. Y. 683, and the reasoning in *Matter of Loew's Buffalo Theatres, Inc.,* 233 N. Y. 495, 499: " Ordinarily a covenant to vacate on sale and notice from the landlord runs with the land and gives to subsequent grantees of the property the right to end the term upon compliance with the provisions and conditions specified." Of course, as therein elsewhere pointed out, ultimately the question must be one of interpretation of the intention of the parties. Applying that test to the instant case it will be observed that it differs from the facts disclosed in the cases cited in that both parties, namely, the landlord and tenant, are accorded the privilege in the clause under consideration. If it were to be interpreted as claimed by respondent,

tenant, that the lease would continue unless either party gave notice on a certain date of its desire to terminate the agreement and the privilege of termination did not pass to the grantee of the landlord, then that interpretation would lead to the result that the tenant would have the privilege of a lease in perpetuity, an interpretation that is not favored and will never be adopted unless expressed in unequivocal terms. *Syms* v. *Mayor, etc., of N. Y.*, 105 N. Y. 153; *Burns* v. *City of New York*, 213 id. 516. If to avoid that result, the tenant is driven to the contention that the privilege is lost to both parties by a conveyance of the realty, then we have the result that the lease terminated at the close of the then current period. In either view the landlord was entitled to recover on the theory that this lease had expired.

The tenant urges on this appeal that there was no proof that the notice had been served in time. No such point or objection was made below, consequently we cannot here take notice of such alleged defect in proof.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

MULLAN and McCOOK, JJ., concur.

Judgment reversed.