C. ALEXOPOULOS FRERES, INC., Respondent, *v.* NEMOURS TRADING CORPORATION, Appellant.

First Department, April 6, 1923.

**Evidence — action against seller to recover damages for breach of contract of sale of goods — oral evidence admissible to show that contract was not to take effect till buyer's credit was approved — error to admit self-serving letter written by buyer to seller — failure of seller to reply does not make letter admission.**

In an action against a seller to recover damages for breach of a written contract for the sale of goods, oral evidence is admissible to show that it was a condition precedent to the contract becoming effective that the buyer's credit should be approved by the seller.

It was error to admit in evidence a letter written by the buyer subsequent to the transactions upon which this action was brought, which was self-serving in character and apparently written after suit was contemplated, and the fact that the seller did not reply to the letter did not make it an admission by the seller of the statements therein contained.

APPEAL by the defendant, Nemours Trading Corporation, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 26th day of May, 1922, upon the verdict of a jury, and also from an order entered in said clerk's office on the 15th day of June, 1922, denying defendant's motion for a new trial made upon the minutes.

*White & Case* [*James Adam Murphy* of counsel], for the appellant.

*Walter F. Welch* [*Vincent P. Donihee* of counsel], for the respondent.

FINCH, J.:

The action is for damages by the plaintiff as buyer for breach of an alleged contract by refusing to deliver goods alleged to have been sold by the defendant. The defendant denied there was a contract. The plaintiff relied on a writing in the form of a sales slip, received from the defendant's salesman. This was a carbon copy of an original retained by the defendant. The defendant sought to show that on this original had been written the names of certain credit references given by the plaintiff, and that the sale was subject to approval as a condition precedent by the defendant's credit department, and that such approval had not been given. The court held, however, that the writing in the plaintiff's possession was a complete and binding contract and excluded all evidence tending to prove the contrary, upon the ground that the defendant could not vary the written contract.

The defendant, however, did not seek to change the terms of the writing, but to show this condition precedent as agreed upon between the parties with respect to the writing taking effect as a contract; in other words, to show as a condition precedent that terms of credit should be first approved. For this purpose the evidence was admissible, and it was error to exclude it. (*Smith* v. *Dotterweich*, 200 N. Y. 299; *Grannis* v. *Stevens*, 216 id. 583, 587; *Hechinger* v. *Ulacia*, 194 App. Div. 330.)

There was also error in the admission in evidence over defendant's objection and exception of plaintiff's Exhibit 4. This is a letter written by the plaintiff subsequent to the transactions upon which the suit is based. It is not a part of any correspondence between the parties, but was extremely self-serving in character, and apparently was written when suit was contemplated. The fact that said letter was not replied to by the defendant does not constitute an admission by defendant of the statements therein contained, and its admission to the jury under these circumstances necessarily was prejudicial to the defendant. (*Viele* v. *McLean*, 200 N. Y. 260; *Palmer* v. *Schwarzenbach*, 164 App. Div. 614; *Droste* v. *Wabash R. R. Co.*, 153 id. 160.)

It follows that the judgment and order should be reversed and a new trial ordered, with costs to the appellant to abide the event.

DOWLING, SMITH, PAGE and McAVOY, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.