In a summary proceeding which awards possession of certain premises described therein to the petitioner-landlord, final order of the County Court of Putnam County reversed on the law, with costs, and the petition dismissed on the law, with costs. The lease is a formal document, apparently prepared by a person presumably familiar with the decisions as to the meaning of similar cancellation clauses in leases. The language chosen to express intent in this particular must be deemed to have been used in the light of that knowledge. There is no claim to the contrary. Apt language to avoid the effect of the cases could have been, but was not, chosen. The notice seryed upon the tenants is ineffectual to cancel the lease as a consequence of the meaning which attaches to paragraph 18 of the lease set out in full in the petition (Payne v. Brathwaite, 113 Mise. 517; Krim Beally Corporation v. Varveri, 97 Mise. 407, 409; Hotel Dauphin v. Bemey, 53 N. Y. S. 2d 301 [not officially published]; Gostin V. Needle, — Md. —, 45 A. 2d 772; 3 New York Law of Landlord and Tenant, § 984, p. 44; Gorman v. General Outdoor Advertising Co., 320 111. App. 339; Gates v. Norton, 228 111. App. 96; Fallek v. Cramer, 191 S. W. 2d 375 [Mo.]). The ease of Scheele v. Waldman (136 App Div. 679) is not to the contrary. *942 Carswell, Adel, Nolan and Sneed, JJ., concur; Hagarty, Acting P. J., dissents and votes to affirm.