In the Matter of the Application of Loew's Buffalo Theatres, Inc., Respondent, for the Removal of Golde Clothes Shop, Inc., Appellant, from Certain Premises.

**Landlord and tenant — covenant by lessee to vacate premises upon sale thereof and three months' notice by grantor or grantee — covenant examined and construed and held that such covenant relates to original lessor and first grantee, not to subsequent grantees.**

1. Ordinarily a covenant by a tenant to vacate on sale and notice from the landlord runs with the land, and gives to subsequent grantees of the property the right to end the term upon compliance with the provisions and conditions specified; but it is the intention of the lessor and lessee, as expressed in the lease, which must control. There is nothing in the law to prevent the parties limiting the right to terminate the lease on notice to such time and persons as they may choose.

2. Where a lease of property for a term of years provides that if the ownership of the property should pass from the lessors, they or their grantees may terminate the lease on three months' notice to the lessee, the notice to be given within three months of *such* passing of ownership, the right to give the notice and to terminate the lease is, by such terms, distinctly limited to the passing of ownership from the lessors and the notice to terminate is to be given by the lessors or their grantee within three months from this first passing of title.

3. Where the lessors who made such a lease conveyed the property to a corporation, which conveyed to a second grantee, who conveyed to a third grantee and the latter served notice upon the lessee terminating the lease under the three months' clause of the lease, and the lessee refuses to vacate upon the ground that the right to terminate the lease under the three months' provision had terminated with the passing of the ownership from the original owners, from whom the lessee had leased the property, and could not be exercised or taken advantage of by the third and last grantee, which acquired title nearly four years thereafter, such grantees cannot maintain an action for an order to dispossess the lessee. (*Matter of 507 Madison Ave. Realty Co. v. Martin*, 233 N. Y. 683, distinguished.)

*Matter of Loew's Buffalo Theatres, Inc.*, 199 App. Div. 954, reversed.

Argued May 31, 1922; decided June 6, 1922.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 31, 1922, which affirmed an order of Special Term, affirming an order of the City Court of Buffalo, awarding certain premises in the city of Buffalo to the petitioner and directing dispossession of the occupants.

*Simon Fleischmann* for appellant. The clause in question was intended solely for the benefit of the original landlords, and that they, or at most they and their immediate grantees, alone, could terminate the lease, but the question as to who could terminate the lease is of no practical importance in the determination of this appeal, for the reason that the time within which such termination could be made has been absolutely fixed by the terms of the lease itself, and in unequivocal language, as within the period of three months after the passing of title from the original landlords. (*Breeder* v. *Crafts*, 79 Misc. Rep. 88; *Krim Corp.* v. *Varveri*, 97 Misc. Rep. 407; *Madison Co.* v. *Martin*, 114 Misc. Rep. 315; *Child* v. *Burke*, 110 Misc. Rep. 103; *Adler* v. *Lowenstein*, 52 Misc. Rep. 556.)

*Maurice C. Spratt* and *Herbert W. Huntington* for respondent. The right to terminate a lease is a limitation upon the tenant's estate and is, therefore, a covenant running with the land which can be exercised by any owner or grantee of the premises. It is only when the right to terminate is expressly reserved to the original landlord that the above rule does not apply. In the present case the right of termination was expressly reserved to the landlords and their grantees, heirs, devisees or assigns and could, therefore, be exercised by any grantee of the premises. (*Burnett* v. *Nerber*, 110 N. W. Rep. 785; *Loyal Mystic Legion* v. *Jones*, 102 N. W. Rep. 621; *Erichsen* v. *Tapert*, 172 Mich. 457; *Hadley* v.

*Bernero,* 97 Mo. App. 314; *Wilkinson* v. *Pettit,* 47 Barb. 230; *Kolasky* v. *Michals,* 120 N. Y. 635; *Bruder* v. *C. & D. Co.,* 79 Misc. Rep. 88; *Childs Co.* v. *Burke,* 110 Misc. Rep. 103.)

CRANE, J. In November of 1915, Marie Moeller, Emma Schild and Anna Schumacher were the owners of a building in Buffalo, N. Y., known as 511–513 Main street. On the fifth of that month they leased the premises for a period of ten years to the Golde Clothes Shop, Inc. The premises comprised a three-story brick building and ground twenty-five feet front on Main street and one hundred feet deep. The lease provided that the premises were to be used for a clothing store, and required the tenant to invest $5,000 within six months in repairs, alterations and improvements. The lease also contained the following clause which has given rise to this litigation:

"AND IT IS FURTHER AGREED that if the ownership of the property above mentioned should pass from the party of the first part, either by grant, devise or by operation of law or in any manner whatsoever, it or its grantees, heirs, devisees or assigns, etc., may on three months notice to the party of the second part, given within three months of such passing of ownership, terminate this lease forthwith, on condition that it, its grantees, heirs, devisees or assigns, etc., pay to the party of the second part, as liquidated damages, computed, estimated and agreed upon and as full settlement of any and all claims of the party of the second part against the party of the first part that have arisen or may arise through the termination of this lease one of the following sums, namely —

" Should this form of termination occur between February 1, 1916 and February 1, 1917, $25,000.

" If between February 1, 1917 and February 1, 1918, $22,500.

32

"If between February 1, 1918 and February 1, 1919, $20,000.

"If between February 1, 1919 and February 1, 1920, $17,500.

"If between February 1, 1920 and February 1, 1921, $15,000.

"If between February 1, 1921 and February 1, 1922, $12,500.

"If between February 1, 1922 and February 1, 1923, $10,000.

"If between February 1, 1923 and February 1, 1924, $8,500.

"If between February 1, 1924 and February 1, 1925, $6,500.

"If between February 1, 1925 and February 1, 1926, $6,500."

On April 6, 1916, the original lessors conveyed the premises by deed to the Marema Company.

On January 2, 1919, the Marema Company conveyed the premises to Emanuel Boasberg.

On January 29, 1920, Emanuel Boasberg conveyed the premises to the petitioner, Loew's Buffalo Theatres, Inc.

On February 2, 1920, the last grantee, above named (the petitioner), served notice upon the lessee terminating the lease under the three months' clause, above quoted. The tenant refusing to vacate, this proceeding was brought in the City Court of Buffalo for an order of dispossess. The tenant resisted the demand of the petitioner on the ground that the right to terminate the lease under the three months' provision had terminated with the passing of ownership from the original owners (Marie Moeller, Emma Schild and Anna Schumacher), and could not be exercised or taken advantage of by the Loew's Buffalo Theatres, Inc., which acquired title nearly four years thereafter. The City Court of Buffalo after a hearing made an order awarding possession of the premises to the petitioner which on appeal to the Supreme Court was

affirmed by the Special Term.   On appeal to the Appellate Division, the orders of these lower courts were affirmed, one of the justices dissenting, and leave granted to appeal to this court as in the opinion of the Appellate Division a question of law was involved which the Court of Appeals ought to review.

Ordinarily a covenant to vacate on sale and notice from the landlord runs with the land, and gives to subsequent grantees of the property the right to end the term upon compliance with the provisions and conditions specified.   (*Hadley* v. *Bernero,* 97 Mo. App. 314; *Wilkinson* v. *Pettit,* 47 Barb. 230; *Kolasky* v. *Michels,* 120 N. Y. 635.)   The general rule is stated in Jones on Landlord and Tenant (Sec. 300, page 349) as follows:  " The stipulation in a lease that if the leasehold premises should be sold during the term the lessees would vacate and deliver up possession on thirty days' notice in writing, shows on its face that it was intended to pass with the reversion, for the purpose of it was to give the lessor the privilege of conveying the property with its enjoyment undiminished by an outstanding term, so that the purchaser might enter into the possession immediately to make use of the premises as he desired."   (See, also, *Norman* v. *Wells,* 17 Wend. 136, 145.)

The reason why in our opinion the general rule is not applicable to this case is that the parties have agreed otherwise.   It is the intention of the lessor and lessee, as expressed in the lease, which must control.   There is nothing in the law to prevent the parties limiting the right to terminate the lease on notice to such time and to such persons as they may choose.   This is what the parties have done here.   We cannot read their agreement in any other way.   The lease states that if the ownership of the property should pass from the party of the first part, *i. e.,* Marie Moeller, Emma Schild and Anna Schumacher, they or their grantees may terminate the lease on three months' notice to the party of the second part

[233 N. Y. 495]       Opinion, per CRANE, J.     [June,

(the tenant), the notice to be given within three months of *such* passing of ownership. The right to give the notice and to terminate the lease is distinctly limited to the passing of ownership from the party of the first part and the notice to terminate is to be given by the party of the first part or " its " grantee within three months from this first passing of title. The words used are " may on three months notice to the party of the second part given within three months of such passing of ownership, terminate this lease forthwith." The words " such passing of ownership " must relate back to and connect with the first phrase which reads " if the ownership of the property above mentioned should pass from the party of the first part." It is the first grant of the property which gives the right to the grantor or grantee to terminate the lease provided notice is given within three months thereafter.

The original lessors, as above stated, conveyed the premises on April 6, 1916. No notice was given by them or by their grantee within the three months specified in the lease. Two other conveyances of the property were made, the last in 1920 to the petitioner herein. It then for the first time sought to exercise the right to terminate the lease, and gave notice of termination on February 2, 1920, nearly four years after the original lessors had conveyed the property.

According to the words which the lessor and lessee selected in drawing this lease, the petitioner herein has no right to give such notice, as the privilege had expired three months after the first grant of April 6, 1916. Reasons have been advanced to show that the parties could not have intended the interpretation which we have given to this lease, and reference has been made to schedule of damages to be paid in case notice of termination was given. By the schedule of liquidated damages contained in the lease, $15,000 was to be paid to the tenant if notice to vacate was given between February 1,

1920, and February 1, 1921.   This money was tendered to the tenant by the Loew's Buffalo Theatres, Inc.   Of course, it is entirely immaterial to the lessee whether the money be paid by the original lessors or by the subsequent grantees.   This fact, however, does not explain away the plain meaning of the other provisions of the lease. There is no ambiguity in the terms used by the parties. The meaning is plain and direct, as can be seen by our analysis as here given.   Courts should not give to the agreement of parties, under such conditions, a meaning which it would prefer or which it may think the parties intended.   Intention is to be found in the language used. It is the only sure guide.

This case differs from *Matter of 507 Madison Avenue Realty Company, Inc.*, v. *Martin* (233 N. Y. 683), decided herewith.   In that case there was no expressed intention to prevent the covenant running with the land and the privilege of terminating the lease continuing for the benefit of all grantees.   The lease of the premises No. 540 Madison avenue, borough of Manhattan, New York city, was made for a period of fifteen years by a lessor, nearly seventy-three years of age.   It contained the following provision:

" 12th. Said landlord reserves the right to terminate his lease and the term thereof at any time after May 1, 1920, in case of a *bona fide* sale of the property upon giving 90 days' notice in writing to said tenant, addressed to said demised premises, of his intention so to terminate the same, and this lease and the term thereof shall cease, determine and end at the expiration of 90 days from the day when such notice is given.   And thereafter said landlord may re-enter upon and take possession of the demised premises and every part thereof either by force or otherwise without being liable to prosecution or damages therefor and have and enjoy the said premises as of their former estate free, clear and discharged of this lease and of all rights of the Tenant hereunder.   In the

[233 N. Y. 495]        Opinion, per CRANE, J.        [June, 1922.]

event of the cancellation of this lease in the manner hereinbefore provided, the Landlord shall pay to the said Tenant as consideration for the surrender of the said premises the sum of Five thousand ($5,000) Dollars."

To such a provision the general rule, above referred to, applies and the covenant runs with the land. The covenant is much like that found in *Hadley* v. *Bernero* (*supra*). The distinction is very clear between a covenant, reserving to the lessor the right to terminate the lease under certain conditions upon notice, which covenant runs with the land, and a covenant specifically restricting the reservation, to terminate the lease, to a period of three months after the original lessor had parted with his ownership. The one case comes within the general rule applicable to covenants running with the land and the other is a special agreement which takes the case out of the rule.

For the reasons here stated, the orders below must be reversed and the proceeding dismissed, with costs in all courts.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN and ANDREWS, JJ., concur.

Orders reversed, etc.