COLONIAL OPERATING CORPORATION, Appellant, *v.* HANNAN SALES & SERVICE, INC., Respondent.*

Supreme Court, Appellate Term, Second Department, July 17, 1942.

*Alexander P. Pfeiffer*, for the appellant.

*Richard J. Barry*, for the respondent.

* Revg. 178 Misc. 879; see, also, *Schantz* v. *American Auto Supply Co., Inc.,* 178 Misc. 909.

*Harold J. Tranor*, for the New York Real Estate Board, *amicus curiæ.*

MEMORANDUM. Final order and judgment unanimously reversed on the law, without costs, and judgment directed for the landlord for $100 with appropriate costs in the court below.

The tenant remained in the premises until February 28, 1942, and on that date removed, claiming that the orders of the government restricting the sale of new automobiles justified a termination of the lease. The court below has found as a fact that the parties intended that the premises should be used as a showroom where only new automobiles and automobile accessories could be sold. The landlord contends here, and at the trial insisted, that the lease was unambiguous and that the tenant could use the premises as a showroom only and objected to evidence that only new cars had been sold therein during the period of a prior lease, and that the tenant had a lease of an adjoining lot secured for the tenant by this landlord as a broker, and on that lot the tenant kept second-hand automobiles on display and for sale. It was proper to admit the evidence because " showroom " is a word with many connotations. Therefore, circumstances existing and known to both parties may be considered in determining what was the intent of the parties. (*Becker* v. *Frasse & Co.*, 255 N. Y. 10, 14; *Utica City Nat. Bank* v. *Gunn*, 222 id. 204; *Atwater & Co.* v. *Panama R. R. Co.*, 246 id. 519, 524.) The finding by the trial court that only new cars were sold is justified by the record.

Because of the governmental regulations, the substantial use of the premises by the tenant is rendered impossible. There is nothing in the record, or in the events of which the court can take judicial notice, that warrants a conclusion that the restrictions will end during the current year. On the facts here, the court below could find the essential purpose of the lease has been frustrated.

The tenant, however, was bound to pay rent while continuing in possession. At the time the proceedings were instituted, all the rent sued for was payable. The counterclaim for the security was properly allowed since the tenant had left the premises, but the claim of the landlord exceeded the security and judgment for the difference should have been awarded to the landlord. No opinion.

Present — MacCRATE, LEWIS and SMITH, JJ.