CANROCK REALTY CORPORATION, Plaintiff, *v.* VIM ELECTRIC COMPANY, INC., Defendant.

Supreme Court, Westchester County, August 29, 1942.

*Levine, Morgulas & Foreman* for plaintiff.

*Oscar Levine* for defendant.

PATTERSON, J. Plaintiff moves under rule 113 of the Rules of Civil Practice for summary judgment. The action is brought to recover an instalment of rent for the month of June, 1942, by the terms of a written lease. By stipulation, the pleadings have been amended so as to include allegations as to instalments of rent for the months of July and August, 1942.

The defendant sets up a separate and distinct defense predicated on the claim that the government regulations have prohibited the defendant from selling radios, radio equipment, electrical equipment, refrigerators, et cetera, and that by reason thereof it has been deprived of the beneficial rights under the lease. Notwithstanding the allegations of the complaint, it is conceded that there is no governmental prohibition against the sale of the articles referred to, but that the government by its rules has either prohibited or limited the manufacture of the articles, with the result that the defendant is unable to procure them for sale, and was unable to stock these articles in its warehouses prior to the governmental limitation on manufacture.

The lease in question permits the following use of the premises: '' Tenant shall use and occupy the demised premises as a retail store for the sale of radios, radio apparatus, radio repairs, television and apparatus, musical instruments, phonographs, and records, electrical supplies and appliances, washing machines, refrigerators, toys, cameras, oil burners, gas stoves, electric ranges, sporting goods, sports wear, and sporting apparel of every kind, nature and description and for no other purpose.''

The manufacture of practically all of the above articles, with the exception of sporting goods, sports wear and sporting apparel, is now greatly restricted or entirely prohibited.

The plaintiff points out that the defendant operates a system of chain stores, and has at the present time eighteen stores in operation advertising all of the articles hereinabove mentioned, and displaying many of those articles in its show windows. The defendant, prior to January, 1942, operated a chain of twenty-six stores in the metropolitan area, and only ten per cent of its business was the sale of sporting goods, sports wear and sporting apparel. By reason of its failure to obtain merchandise, it was compelled to close its other stores, and by agreement with its various landlords, the defendant, with few exceptions, was able to obtain a termination of each of its various leases. There is not much doubt that the defendant would be permitted to terminate the lease had the sole purpose for which the premises were leased been, for instance, the sale of new automobiles which the government has proscribed, or the sale of washing machines, refrigerators, electric ranges, et cetera, which the government has forbidden to be manufactured, but here the lease is somewhat broader in scope as to the use which can be made of the premises as there is no prohibition by the government against the sale of any of the articles permitted under the lease. On the other hand, if the premises were unusable for one of the purposes contem-

plated by the lease, but were usable for the general purposes contemplated, the landlord would be entitled to recover.

There is conflict of authority in various States in this country upon the question of law here presented, but the weight of authority seems to be to the effect that if a governmental act or decree destroys the subject-matter of the contract and makes performance impossible, that that thereby terminates the lease. The parties to the lease are presumed to have contracted with a view to the law as it existed at the time the lease was made.

" To hold them bound to anticipate future legislation would be equivalent to making them obligate themselves to the performance of conditions prescribed by others which, in the nature of things, could not have been within the contemplation of the parties at the time the contract was made." (*Colonial Operating Corp.* v. *Hannon Sales & Service, Inc.,* 178 Misc. 879.)

If the tenant is deprived by governmental regulations of the beneficial use of the property, that is, prevented from using it for the primary and principal purpose for which it was rented, the lease is terminated, although other incidental uses might still be made of it. (See *Kaiser* v. *Zeigler,* 115 Misc. 281, 286.)

The question here is have the government regulations prevented the tenant from using the premises for the primary purpose for which it leased it, and in my opinion that presents a question of fact which cannot be resolved on the motion for summary judgment.

The defendant says it cannot obtain merchandise for sale by reason of the governmental restrictions. The plaintiff says that this is not so, because its other stores are stocked with the very articles which it says it cannot obtain. Again the defendant says that over ninety per cent of its business consisted in the merchandising of articles which the government no longer permits to be manufactured, and which as a result it cannot obtain for sale. This, likewise, the plaintiff denies.

Although I doubt not that ultimately the plaintiff will prevail, still I think the defendant is entitled to his day in court for an opportunity to prove that the primary and principal purpose for which it leased the premises has been destroyed by reason of governmental regulations. If that is so, then the defendant can rightfully terminate the lease. If, on the other hand, it can still continue in business at the premises in question within the confines of the lease, even if not as profitably or even with a substantial diminution of the volume of business, nevertheless it is bound to make good under the lease.

The motion for summary judgment is denied.