MICHAEL BYRNES, Appellant, *v.* RAYMOND A. BALCOM, Respondent.*

Third Department, December 29, 1942.

* See *Colonial Operating Corp.* v. *Hannan Sales & Service*, 265 App. Div. 411.

*James A. Leary* for appellant.

*Francis W. McGinley* for respondent.

HEFFERNAN, J. On June 23, 1939, appellant leased to respondent for a term of five years at a monthly rental of $200 " the two stores and lot in rear, known as stores Nos. 516 and 518 Broadway, in the city of Saratoga Springs, New York, which said premises are to be used for the following businesses or purposes only: Sale of automobiles, auto parts or any accessories pertaining to the sale of automobiles."

The stores have a large basement and the lot in the rear is 80 by 152 feet. Extensive repairs were made to the buildings by the landlord to make them suitable for the tenant's purposes. Cars were to be serviced and repaired on the premises and the tenant was given permission " to erect a series of covered stalls for various kinds of service work."

On April 30, 1942, respondent vacated the premises and thereupon appellant brought this action to recover the rent for the months of May and June.

In his answer respondent admits the making of the lease and his failure to pay rent for the months in question. He alleges as a complete defense to the action that the primary and principal use or purpose of the rental of the premises within the contemplation of the parties was the sale of new automobiles and that on or about January 1, 1942, a department of the United States Government by virtue of congressional authority prohibited the sale of 1942 model passenger automobiles and any automobile which had been run less than 1,000 miles until January 15, 1942. It is also alleged that this prohibition was extended to February 2, 1942. It is further alleged that about January 20, 1942, a further order was made by governmental authority prohibiting the manufacture and sale of automobiles except in limited instances. In conclusion he alleges that the regulations and prohibitions referred to have rendered illegal the primary and principal use for which the lease was made, that the lease is abrogated and that his obligation to pay rent is discharged.

After the service of the answer appellant moved under rule 113 of the Rules of Civil Practice to strike it out and for summary judgment in his favor. From the order denying his motion he has come to this court.

No claim is made that the lease is ambiguous. The construction of its terms is therefore a question of law for this court. (*Newburger* v. *American Surety Co.,* 242 N. Y. 134.)

The record shows without dispute that after respondent took possession of the premises he sold new and used automobiles and accessories and also repaired and serviced cars. In remodelling and repairing the premises for respondent's occupancy appellant expended upwards of $2,000 in order to provide a suitable place to repair and service automobiles. A list of the repairs to be made containing fifteen items is attached to the lease. It is also undenied that respondent at the present time is engaged in conducting a similar business to that carried on at the leased premises in the nearby city of Glens Falls.

There is nothing in the lease to indicate, as contended by respondent, that these premises were to be used for the sale of new automobiles only. It is quite apparent from its provisions that respondent made it for the purpose of conducting a general automobile business in all its phases. Undoubtedly the lease contemplated the sale of new cars on the premises but the lessee is not restricted to the exclusive sale of such cars but may devote the property to other legal uses specified in the lease. This is not a case where the parties entered into a lease exclu-

sively for a use which was not illegal when the contract was made but which was subsequently made illegal by operation of law. The tenant has not been prevented from occupying the demised premises by any act of the landlord. The act of the public authorities in restricting the sale of automobiles does not deprive him of a portion of the premises which might entitle him to an apportionment of rent in the same manner as if he had been evicted from a part of the premises by a paramount title. (*Christopher* v. *Austin,* 11 N. Y. 216.) Respondent is not entirely prohibited by governmental decree from selling new cars. His right to do so is restricted.

There can be no doubt about the proposition that where a lease restricts and limits the use of premises let to a particular specified purpose and thereafter, because of the enactment of valid governmental statutes, decrees or regulations such use becomes unlawful, the subject-matter of the contract is destroyed and the covenants of such lease will not be enforced against either party thereto. The rule is that where the lease is exclusive the subsequent passage of prohibitory laws terminates it. A change in the law during the term of the lease, however, which merely restricts but does not wholly prohibit the conduct of the business carried on, does not release the tenant from his obligation to pay rent.

Construing the lease under consideration we think that the enactment of the legislation referred to in respondent's answer does not terminate the lease and absolve the lessee from further liability for rent to the lessor.

Respondent's affidavits raise no question of fact. The issue before us is solely one of law.

The order appealed from should be reversed on the law with twenty-five dollars costs and disbursements and the motion for summary judgment granted with costs and disbursements.

HILL, P. J., CRAPSER, BLISS and SCHENCK, JJ., concur.

Order appealed from unanimously reversed on the law with twenty-five dollars costs and disbursements and the motion for summary judgment granted with costs and disbursements.