PORT CHESTER CENTRAL CORPORATION, Plaintiff, *v.* GEORGE LEIBERT, Defendant.

County Court, Westchester County, January 19, 1943.

*Herbert Rogowsky* for plaintiff.

*Julius Hochstein* for defendant.

COYNE, J. Plaintiff moves to strike out the defense contained in paragraphs " Third " through " Twelfth " of defendant's answer under rule 109 of the Rules of Civil Practice and for summary judgment. Defendant cross-moves for summary judgment. The action is brought to recover an installment of rent for the month of November, 1942, pursuant to the terms of a written lease. The affirmative defense contained in the answer alleges substantially that recent governmental decrees, orders and regulations, curtailing and restricting the manufacture and distribution of merchandise — particularly, those concerned in the leasing agreement — have destroyed the subject matter contemplated by the lease and have rendered the substantial use of the premises by the defendant impossible.

Recently, since the commencement of the government's program to conserve certain products and commodities, the defense here interposed has received frequent judicial attention. In most cases, the governmental regulations resulted in a complete and total destruction of the subject matter, thereby frustrating the very purposes for which the premises were to be used. In the present case, however, there does not appear to be a complete prohibition against the sale of the merchandise, or termination of the use specified in the lease, but rather a curtailment and restriction of such sale or use. " If a statute is adopted after

the making of the lease and it deprives the tenant of the beneficial use of the property — that is, prevents him from using it for the primary and principal purpose for which it was rented — the lease is terminated, *although* other incidental uses might still be made of it." (*Colonial Operating Corp.* v. *Hannan Sales & Service*, 178 Misc. 879.) There is also authority to the effect that where a tenant can still continue in the business at the premises within the confines of the lease, although not as profitably, or at least by a substantial diminution of the volume of business, nevertheless he is responsible under the lease. ( *Canrock Realty Corp.* v. *Vim Electric Co., Inc.*, 179 Misc. 391.) In this latter case, where a similar factual situation was presented, the learned justice denied the motion for summary judgment. Manifestly, the governmental regulations effected a diminution in the volume of defendant's business. But whether or not this diminution reached such an extent as to result in a frustration of the purposes of the lease cannot be determined solely on affidavits.

Motions denied, without costs. Submit order.