COLONIAL OPERATING CORPORATION, Appellant, v. HANNAN SALES & SERVICE, INC., Respondent.*

Second Department, January 25, 1943.

* Modfg. and affg. 178 Misc. 885.

*Alexander Pfeiffer* and *Sidney C. Norris* for appellant.

*Richard J. Barry* for respondent.

*Harold J. Treanor* for Real Estate Board of New York, Inc., as *amicus curiæ*.

TAYLOR, J. This is a proceeding brought by a landlord (plaintiff) to recover possession of real property for nonpayment of rent, and to recover rent, concededly unpaid by the tenant (defendant), falling due in three instalments of $200 each, under the terms of a written lease, on December 1, 1941, January 1, 1942, and February 1, 1942, respectively. The tenant vacated the demised premises on and not before February 28, 1942.

On December 1, 1937, the landlord and tenant entered into a written lease of the premises, being the stores 43-12 and 43-14 Queens boulevard, Long Island city, N. Y., and the basement space directly underneath, for the term of five years commencing August 1, 1938, and ending July 31, 1943, at a graduated rental, which for the period here material was at the rate of $2,400 per annum, payable in advance in monthly instalments on the first day of each month. The lease specified that the premises were "to be used and occupied only for a showroom for automobiles and automobile accessories * * *." It contained no specification of the character of those automobiles and accessories, whether "new" or "second-hand," both of which were plainly within the purview of the unambiguous clause. The tenant took possession, depositing with the landlord $500 for the former's faithful performance of the terms of the lease on its part to be performed. It omitted to pay the

three instalments of rent indicated, although payment was duly demanded.

The landlord instituted in the Municipal Court this proceeding to recover possession of the demised premises and to recover rent unpaid.

In its pleading, the tenant, after a general denial, alleged as a defense that on January 1, 1942, the Office of Production Management of the United States, created by virtue of acts of Congress, prohibited the sale of 1942 automobiles and any automobiles that had been driven less than 1,000 miles; that this order subsequently was extended to include sales of 1942 automobiles up to February 2, 1942; that on or about February 1, 1942, a further order was issued by the same office prohibiting the manufacture of automobiles (with certain exceptions not applicable to this case). The tenant, in effect, also pleaded a counterclaim for the return of the security.

Upon the trial it was claimed on behalf of the tenant that the Federal orders in question had frustrated and prohibited the '' purpose contemplated by the lease '' and that thereby the tenant '' is discharged of its obligation under the lease and entitled to the return of its security deposited with the landlord.''

The effect of the Municipal Court's determination after trial was (1) that the tenant was prevented by the action of the Federal government from occupying the demised premises for the purpose for which they were leased; (2) that the lease became impossible of performance by operation of law; and (3) that the tenant was entitled to the return of the security. (178 Misc. 879.) This last was held notwithstanding the tenant's possession of the demised premises, without payment of accrued and past due rent, until February 28, 1942, when, as above stated, it removed therefrom.

The Municipal Court found as a fact, upon parol evidence received over the landlord's objection and exception — and clearly incompetent for the purpose — that the parties intended that the demised premises should be used as a showroom where only *new* automobiles and automobile accessories could be sold. The Appellate Term endorsed this ruling. Both courts, in our opinion, were clearly in error in this phase. The use clause was clear and unambiguous. Hence it was not the proper subject of parol evidence to limit or qualify the words '' automobiles '' and '' automobile accessories '' therein, by inserting the qualifying or limiting term '' new '' which the parties did not employ in the writing and which the court may not interpolate. (*Matter of Loew's Buffalo Theatres, Inc.*, 233 N. Y. 495, 501; *Gans* v.

*Ætna Life Ins. Co.*, 214 N. Y. 326, 330; *Lese* v. *Lamprecht*, 196 N. Y. 32.)

Although the use clause provided for a " showroom for automobiles   *   *   *," implicit therein in this case is the term " salesroom "; or if there is not that implication, then it is a fact that proof of the circumstances existing and known to both parties was properly offered and received at the trial (*Becker* v. *Frasse & Co.*, 255 N. Y. 10, 14), which proof led to the same conclusion, that in the demised premises it was the intention of the parties that automobiles should not only be shown, but sold.

The Appellate Term, endorsing the lower court's findings of fact, including the erroneous one indicated, held that " On the facts here, the court below could find the essential purpose of the lease has been frustrated." This likewise was error, for the reason that the Federal orders referred to in the amended answer, of which we take judicial notice, do not prohibit, ban or frustrate the sale of all automobiles in the demised premises. In effect they ration the sale of 1942 model (meaning new) passenger automobiles or such automobiles as have been driven less than 1,000 miles. Sales of such cars are not absolutely prohibited thereunder. They may be made to (a) the Army, Navy, designated governments and governmental agencies, and (b) " eligibles," who can satisfy the local Rationing Board of their need therefor, the term " eligibles " including physicians, surgeons, visiting nurses and farm veterinarians; clergymen; institutions needing ambulances; fire fighters and police officers requiring cars for official duty; other public health and safety officials; persons carrying mail under government contract; licensed jitney, taxi or similar transportation operators; persons using cars in connection with essential construction, maintenance and repair services; executives, technicians, engineers, and workers, directly or indirectly connected with prosecution of the war; Federal, State, local, and foreign government employees engaged in duties directly connected with protecting public health and safety or prosecution of the war effort; farmers lacking other means of transporting produce or supplies to and from market; traveling salesmen, handling essential supplies; and persons carrying newspapers for wholesale delivery.

Further, there was no rationing at all for the first month in question, nor was there any ban upon the sale of *all* passenger automobiles, both new and second-hand, for the reason that second-hand automobiles and automobile accessories could then be sold without any limitation whatsoever.

If our construction of the unambiguous use clause, as above, is correct and if the same may not be altered by insertion therein of the word "new," then, as far as second-hand automobiles were concerned, the defendant could have sold the same in the demised premises without let or hindrance from the government; and the use clause was so broad in its terms that there could be no objection on the part of the landlord to the tenant's selling them.

Therefore the Federal orders in question did not make illegal or prohibit absolutely the showing and selling of both new and second-hand automobiles and accessories. It is clear, also, that nothing in the lease prevented the tenant from selling new automobiles to those within the exceptions above enumerated. Therefore it must be said as a matter of law that the primary purpose of the lease as to use was not frustrated, and likewise that the tenant was not relieved from continuing the use and occupation of the premises and from paying rent reserved in the lease.

A like conclusion is, in effect, intimated in dictum in *Canrock Realty Corp.* v. *Vim Electric Co., Inc.* (179 Misc. 391 [PATTERSON, J., at Special Term, Westchester County]); and a direct ruling, which we approve, was recently made in the Appellate Division, Third Department (*Byrnes* v. *Balcom,* 265 App. Div. 268, decided December 29, 1942).

For these reasons the order of the Appellate Term should be modified on the law by striking therefrom the words "without costs" and the words "$100 with appropriate costs in the court below," and by inserting in place thereof a provision awarding the appellant judgment for $600 for unpaid rent, with interest thereon from the average date, January 1, 1942, awarding to it possession of the premises, and dismissing the respondent's counterclaim on the merits. As thus modified, the order should be affirmed, with costs to the appellant in all courts.

Present — CLOSE, P. J., HAGARTY, CARSWELL, ADEL and TAYLOR, JJ.

Order of the Appellate Term modified on the law by striking therefrom the words "without costs" and the words "$100 with appropriate costs in the court below," and by inserting in place thereof a provision awarding the appellant judgment for $600, with interest from January 1, 1942, awarding to it possession of the premises, and dismissing the respondent's counterclaim on the merits. As thus modified, the order is unanimously affirmed, with costs to the appellant in all courts.