Marie E. Fisher, Plaintiff, *v.* William Lohse, Defendant.

Supreme Court, Special Term, Queens County, May 13, 1943.

*Anthony J. Busicco* for plaintiff.

*John P. Cohalan, Jr.,* for defendant.

Colden, J. In an action by a landlord to recover from her tenant the sum of $250 for five months' rent under the provisions of a written lease, dated October 15, 1938, the plaintiff moves for summary judgment pursuant to rule 113 of the Rules of Civil Practice.

By failure to deny any of the allegations of the complaint the defendant has admitted the execution of the lease and that no part of the five months' rent due to the plaintiff has been paid, although duly demanded. The answer consists solely of an affirmative defense wherein it is alleged, in substance, that the leased premises " comprise what is commonly known as a roadside stand or restaurant "; that the lease " specified that the said premises were to be used for restaurant purposes only "; that due to the war, civilian consumption of essential materials, including food, food products, gasoline and rubber, has been curtailed by a rationing system and as a result the defendant was rendered unable to obtain the meats and products needed in his business, and the general public throughout the county of Suffolk, which constituted the bulk of his customers, was unable to patronize his establishment; and that by reason of the foregoing he has been deprived, by duly promulgated governmental regulations, of the beneficial use of the leased premises and was

compelled to quit the same prior to the accrual of any install-
ment of rent sought to be recovered herein.

The plaintiff contends that the governmental regulations
referred to by the defendant do not prohibit the sale of refresh-
ments in the demised premises; that the defendant could have
continued to operate within the terms of the lease, though the
volume of business may have suffered diminution as the result
of the restrictions upon the use of automobiles; and that the
primary purpose of the lease as to the use of the demised prem-
ises was not completely frustrated.

Unquestionably, had the governmental acts referred to com-
pletely frustrated the performance by the defendant of the lease
in question, payment of rent would be excused as a matter of
law. (*Matter of Kramer & Uchitelle Inc.*, 288 N. Y. 467, 472.)
But such was not the case. Although the volume of the defend-
ant's business was substantially reduced because of the measures
taken by the Federal authorities to conserve food and materials
necessary to the war effort, he could have continued to operate
his refreshment stand, which incidentally is the sole purpose
designated in the lease itself for which the premises were to be
used and not the restaurant purposes alleged in the answer.
However, whether the use of the premises was restricted to a
refreshment stand or a restaurant is immaterial for it cannot
be said that in either case was the performance of the lease
rendered completely impossible by a governmental act.

In *Robitzek Investing Co.* v. *Colonial Beacon Oil Co.* (265
App. Div. 749, leave to appeal denied 291 N. Y. 831, July 20,
1943), the Appellate Division, First Department, said: " *  *  *
Here there is not complete frustration. Defendant could have
continued to operate the gasoline station at the demised premises
within the terms of the lease though the volume of its business
might have suffered substantial diminution because of the Fed-
eral regulatory measures. (See *Byrnes* v. *Balcom,* 265 App. Div.
268, 271, affd. 290 N. Y. 730; *Colonial Operating Corp.* v. *Hannan
Sales & Service,* 265 App. Div. 411.) ''

In *Colonial Operating Corp.* v. *Hannan Sales and Service*
(265 App. Div. 411, *supra,* modfg. and affg. 178 Misc. 885), the
Appellate Division, Second Department, passed upon the ques-
tion whether orders of the Office of Production Management
prohibiting with certain exceptions the sale of 1942 automobiles,
and of any automobiles that had been driven less than 1,000
miles, relieved the tenant from paying rent because the primary
purpose of a lease, which restricted the use of the demised prem-
ises to " a showroom for automobiles and automobile acces-

sories '' was frustrated. In holding the tenant liable for the full rent reserved in the lease, the court said: '' Therefore the Federal orders in question *did not make illegal or prohibit absolutely* the showing and selling of both new and second-hand automobiles and accessories. It is clear, also, that nothing in the lease prevented the tenant from selling new automobiles to those within the exceptions above enumerated. Therefore it must be said as a matter of law that the primary purpose of the lease as to use was not frustrated, and likewise that the tenant was not relieved from continuing the use and occupation of the premises and from paying rent reserved in the lease.'' (Italics supplied.)

Similarly, in *Byrnes* v. *Balcom* (265 App. Div. 268, affd. 290 N. Y. 730), the Appellate Division, Third Department, said: '' * * * Respondent is not *entirely* prohibited by governmental decree from selling new cars. His right to do so is *restricted.* * * * A change in the law during the term of the lease, however, which merely restricts but does not wholly prohibit the conduct of the business carried on, does not release the tenant from his obligation to pay rent.'' (Italics supplied.)

Some argument has been advanced that the defendant has not, as alleged in paragraph '' 11 '' of the answer, '' quit the said premises prior to the commencement of any of the periods for which any instalments of rent accrued as alleged in the complaint '' and that as a matter of fact he has at all times remained in possession. This appears to be true, for no facts are alleged in the opposing affidavit showing the surrender of the premises. The defendant has merely stated that early in November, 1942, he threw up the sponge, quit the business and took a job in a defense plant; that he told his two employees '' that they could continue the business if they wished. They continued thereafter up to and including almost the middle of November, 1942, when they also discontinued their efforts to keep the business functioning. Thus, since on or about the 15th day of November, 1942, the stand has been out of business.'' The court is of the opinion that under the decision in the *Byrnes* case (*supra*) it is not material whether the premises were surrendered. In that case the premises were vacated on April 30, 1942, and the court permitted recovery in an action brought for rent due for the months of May and June.

The defendant has also urged the denial of the motion on the ground that whether the primary purpose of the lease has been frustrated to such an extent as to render it no longer enforcible is a question of fact which cannot be decided without a trial.

However the Appellate Division in the *Byrnes* case (*supra*) reversed an order denying summary judgment, holding that the sole issue before the court was one of law and hence summary judgment in favor of the landlord plaintiff was proper. So here the sole question is one of law and no factual issues have been shown to exist which would require a trial.

While this court has great sympathy for the plight in which this defendant finds himself due to conditions over which he had no control, the law, as enunciated in the most recent decisions of our appellate courts (*supra*), compels the result here reached. Paraphrasing the language of the Court of Appeals in *Graf* v. *Hope Building Corp.* (254 N. Y. 1, 4), the plaintiff " may be ungenerous " in not bearing with the defendant's situation " but generosity is a voluntary attribute " and forbearance cannot be enforced even by a court of equity. The motion must accordingly be granted.

Settle order on notice.