FIRST NATIONAL BANK OF NEW ROCHELLE, Appellant, v. FAIRCHESTER OIL Co., INC., Respondent. (Action No. 4.)

Second Department, December 29, 1943.

*Henry D. Holden* (*Monroe J. Cahn* with him on the brief), for appellant.

*Albert R. Connelly* (*John F. Dowd* and *Ivan S. Skura* with him on the brief), for respondent.

*Per Curiam.* The action is for the recovery of rent under a written lease. The judgment appealed from dismissed the complaint of the plaintiff without prejudice to the commencement of an action to recover the value of use and occupancy. The defendant pleaded two separate defenses: *First,* that the lease had been terminated and canceled in conformity with the provisions therein; and *second,* that there was a complete failure of consideration.

The lease contained the following clause: " 10. If at any time after the execution of this lease by the Lessee, the use of said premises as an oil and gasoline filling and service station or the driveways and/or approaches thereon or thereto is prohibited, limited or restricted by governmental authority or by decree of any court or for any other cause except on account of the Lessee's fault or neglect, or if at any time during the term of this lease any portion of said premises is taken by lawful authority for any public improvement and the remaining portion thereof not so taken shall not be sufficient, in the Lessee's opinion for the Lessee to conduct its business thereon, then the Lessee shall have the option of terminating and cancelling this lease on and as of the date the right to maintain said station, driveways or approaches is so denied or said premises are so taken. In the event of termination or cancellation for any of the causes enumerated in this paragraph

the Lessee shall be liable only for the rental accrued and earned to the date of termination and cancellation of this lease."

The defendant proved that on June 2, 1942, a notice of cancelation had been given to the plaintiff in accordance with the terms of the lease and that said notice was based upon the issuance by the War Production Board of Limitation Order L-70 (Order issued Mar. 14, 1942, 7 Federal Register 2103) and amendments thereto, which order limited the hours of operation of gasoline stations and the percentage of normal gallonage that could be sold by such stations. The defendant conceded the nonpayment of the rent.

The clause above quoted must be held to relate to possible real estate restrictions which might limit the use of the premises, but does not relate to a regulation limiting the volume of business of the defendant. (*Robitzek Investing Co.* v. *Colonial Beacon Oil Co.*, 265 App. Div. 749, motion for leave to appeal denied, 291 N. Y. 831.) Nor was there such a failure of consideration as to excuse the defendant from the obligation of paying the rent reserved under the lease. These regulations did not prohibit or make illegal the business of the defendant, but merely restricted it. (*Byrnes* v. *Balcom,* 265 App. Div. 268; *Colonial Operating Corp.* v. *Hannan Sales & Service,* 265 App. Div. 411.)

The judgment should be reversed on the law, with costs, and judgment should be directed for the plaintiff for the relief demanded in the complaint, with costs.

CLOSE, P. J., CARSWELL, JOHNSTON, ADEL and LEWIS, JJ., concur.

Judgment reversed on the law, with costs, and judgment directed for plaintiff for the relief demanded in the complaint, with costs.