**Hattie Wagner Crosby, Appellee, v. Baron-Huot Oil Company, Appellant.**

**Gen. No. 9,965.**

Opinion filed February 8, 1945. Released for publication March 7, 1945.

C. M. GRANGER, of Kankakee and SAVAGE, HOLBROOK & McKEOWN, of Joliet, for appellant.

BURKE & SCHENK, of Joliet, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

A proceeding was begun by a complaint filed by Hattie Wagner Crosby against the Baron-Huot Oil Company, June 12, 1943, containing a count at law and a count in equity. The equity count was dismissed by the trial court and need not be considered in this case.

The count at law alleged that the plaintiff leased certain premises in the City of Joliet, Illinois, to the defendant for a term of 15 years, beginning November 1, 1931, at a fixed rental of $100 per month and an additional rental of one half of one cent per gallon of motor fuel sold at said premises during the term of the lease. A copy of the lease, which was in writing, was attached to the complaint. It is alleged that the defendant went into possession and continued to occupy the premises, but failed to pay the rent accruing after April 1, 1943. It alleged performance on the plaintiff's part, and that there was due and unpaid rent of $1,000.

The defendant filed an answer subsequently amended by leave of court. The amended answer admitted the making of the lease and the defendant's entry into

possession thereunder, but denied the continued occupancy of the premises by the defendant, up until the time of this action. It averred that payment of the fixed rental and additional rent for April had been made and the acceptance and retention of the said amount thereof by the plaintiff. It denied all claim of damage to the plaintiff, or that any rent has accrued after April 30, 1943. The defendant denied that it had failed or refused to render any accounting since April 1, 1943, but averred that it accounted to the plaintiff for and paid to the plaintiff all sums due up to and including April 30, 1943.

As an affirmative defense the defendant alleged that the lease provided as follows: ''That the premises herein leased are to be used as a site for a filling station for the sale of gasoline, oils and similar products used in the operation of automobiles; and for an office and other buildings in connection with such filling station; and for the conduct of the business of selling or servicing automobiles; and for any lawful purpose, pertaining to automobiles, and other motor-propelled vehicles, their equipment, parts and accessories, and any automotive fuel.

''That if during the term of this lease, or any renewal or extension thereof, the use of the said premises for an oil and gasoline filling station be prevented, suspended or limited by any zoning statute, or ordinance, or any other Municipal or Governmental action or law, or regulation; or the use of said premises be affected or impaired by the widening, altering or improving of any streets fronting or adjoining said premises, then lessee may cancel this lease by giving thirty (30) days' written notice to lessor.''

It averred that upon taking possession of the premises the defendant occupied the same as a filling station for the sale of gasoline and other products used in the operation of automobiles; that subsequent to its entry into possession, and particularly since Decem-

ber 7, 1941, such use of the premises had been prevented, suspended and materially and substantially limited by governmental action, laws and regulations. It averred that the Office of Price Administration was created pursuant to law. This agency has issued and enforced regulations for the rationing of tires, tubes, gasoline and automobiles, materially diminishing the sale and the use thereof, which regulations were previous to and at the time of cancellation by the defendant of the lease as hereinafter set forth, and are now, in full force and effect. It also alleged the creation of the Petroleum Administration for War, and its enforcement of regulations restricting credit sales of its products and prohibiting the operation of filling stations except during certain hours, all of which regulations were previous to and at the time of the cancellation and are now in full force and effect.

Specific reference was made in the answer to the various statutes, executive orders and directives for the rationing of automobiles, tires and gasoline and imposing limitations on service station operations.

It alleged that the cumulative effect of the regulations cited was after totally prohibiting temporarily, the sale of tires and tubes, to restrict such sale to a small minority of the persons who otherwise would purchase the same and to a small percentage of the amount of tires and tubes that would otherwise be sold; to reduce substantially the amount of gasoline that could be sold; to prohibit the extension of credit to purchasers of gasoline; to prohibit the sale of gasoline at any station for more than 12 hours in any one day, or 72 hours in any one week and to severely limit the sale and consequently the use of passenger automobiles and trucks.

It alleged, that in pursuance of section 13 of the lease the defendant on March 29, 1943, gave to the plaintiff, who received it, a notice of termination of the lease as of April 30, 1943, and that on April 30, 1943, the defendant ceased to occupy the premises, removed

its equipment from the premises and surrendered the key to the plaintiff and has never since been engaged in business on the said premises, whereon the lease was cancelled.

The plaintiff replied to this answer by denying that the regulations in question had prevented, suspended or limited the use of the premises for an oil and gasoline filling station. It also denied that the defendant ceased to occupy the premises on April 30, 1943, or removed its equipment, or discontinued its business on the premises on that date, or surrendered the key.

The case was tried before the court without a jury. The plaintiff introduced the lease in question. The defendant then offered proof to show that it had cancelled the lease, and introduced in evidence certain tire, gasoline and automobile regulations as prescribed by the executive order of the president and regulations of various federal agencies. The court found the issues in favor of the plaintiff, as charged in the first count, and assessed the plaintiff's damages at $200, but denied the relief under the second count, and dismissed the same. Judgment was rendered in favor of the plaintiff for $200 and costs, and it is from this judgment that this appeal is prosecuted.

From the examination of the evidence in the case we are satisfied that the appellant proved the facts as alleged in its answer. The opinion of the trial court is made a part of the record. The court there held that the governmental regulations regulating gasoline, tires, etc., did not justify the defendant in cancelling the lease, and decided in favor of the plaintiff's contention that the cancellation clause in the lease is applicable only to such cases as affects the use of the premises, as distinguished from the defendant's contention that it affects its business by indirectly affecting the volume of business.

The proper construction to be placed on clause 13 of the lease is before this court. We have no Illinois cases to assist us in the contruction to be placed upon

this lease, but the clause in the lease in the case of *Orme v. Atlas Gas & Oil Co.*, 13 N. W. (2d) 757, which the Supreme Court of Minnesota decided in 1944, is identical with the present case, and the defense is the same. The question is whether wartime statutes and regulations of the Federal government prevent, suspend, or limit the use of the premises for a filling station within the meaning of clause 13 and give the defendant an option to terminate the lease. Leases, like other contracts, should be construed so as to give effect to the intention of the parties, as manifested by the language used, and should be construed as a whole.

The court in *Orme v. Atlas Gas & Oil Co.*, *supra*, in construing the lease under consideration, use this language: "It has been held in numerous cases involving complete frustration of the purposes of a lease by wartime regulations of the kind here in question that the use of the premises is the transaction of business thereon by making sales of merchandise and that such use is frustrated where the sales cannot be made either because they are prohibited or the lessee is unable to procure merchandise to sell. *Lloyd v. Murphy*, Cal. App., 142 P. 2d 939; *Colonial Operating Corp. v. Hannan Sales & Service, Inc.*, 265 App. Div. 411, 39 N. Y. S. 2d 217 (Id., below, 178 Misc. 885, 36 N. Y. S. 2d 745; Id., 178 Misc. 879, 34 N. Y. S. 2d 116); *Port Chester Central Corp. v. Leibert*, 179 Misc. 839, 39 N. Y. S. 2d 41; *Byrnes v. Balcom*, 265 App. Div. 268, 38 N. Y. S. 2d 801 (wherein the court pointed out that the regulations simply restricted, as distinguished from wholly prohibiting, the lessee's use of the premises); *Canrock Realty Corp. v. Vim Electric Co., Inc.*, 179 Misc. 391, 37 N. Y. S. (2d) 139. As employed in the lease in the instant case, use of the premises consisted of selling the products and furnishing the services in the ordinary course of operating and maintaining a filling station. If that use was prevented, suspended, or limited, it was a ground for the lessee's exercise of the option to terminate the lease."

The appellee relies on the case of *Robitzek Investing Co., Inc. v. Colonial Beacon Oil Co.,* 37 N. Y. S. (2d) 772 as sustaining her construction to be placed upon the lease in question; and also on a later case, the *First Nat. Bank of New Rochelle v. Fairchester Oil Co., Inc.,* 45 N. Y. S. (2d) 532. In *Orme v. Atlas Gas & Oil Co., supra,* the Supreme Court analyzes the two New York cases showing wherein the leases are different from the one in question, and hold these cases are not authority for the construction as contended for by the appellee in this case.

When all of the provisions of this lease are considered together, they show that the parties had in mind not only the governmental action, laws and regulations restricting the use to which the property might be put, but also those which affected the amount of business which might be transacted thereon by the lessee.

Our conclusion is that the answer states, and the record contains facts sufficient to show that the lessee's use of the leased premises was prevented, suspended and limited by the Federal statutes and regulations in question, and that it was error for the trial court to hold that the lease in question, had not been terminated and cancelled.

The judgment of the trial court is reversed and the case remanded.

*Reversed and remanded.*