GARDINER PROPERTIES, INC., Appellant, *v.* SAMUEL LEIDER & SON, INC., et al., Respondents.

First Department, March 11, 1952.

*Robert W. Cauldwell* of counsel (*Aaron Frank, Thomas R. Hart, Jr.,* and *Julian A. Frank* with him on the brief; *McDermott, Turner & Hart,* attorneys), for appellant.

*Irving Rosenfeld* (*Rudolph Birnbaum* with him on the brief), for respondents.

On second appeal: *Per Curiam.* Plaintiff appeals from summary judgment dismissing the complaint. The action is for declaratory judgment establishing a ninety-nine-year lease to have been frustrated and voided by operation of law. The memorandum signed by these parties, which has the effect of a lease, demised vacant land to plaintiff " For erection thereon of modern theatre (including television) having not less than

599 seats with or without stores and maintenance of the foregoing and for no other purpose." Defendant-lessor agreed to apply for a modification under the zoning ordinance to permit such use, and the lease was to become void by its terms unless such permission were granted by the board of standards and appeals prior to December 31, 1950. If this change in zoning were allowed, the lease required the tenant (plaintiff-appellant) to commence the construction of such a theatre within six months and to complete it within eighteen months after said date. The complaint alleges that on December 16, 1950, the President of the United States declared the existence of a national emergency, and that under authority granted by section 101 of the Defense Production Act of 1950 (U. S. Code, tit. 50, Appendix, § 2071) the National Production Authority promulgated Order M-4 prohibiting the construction of theatre buildings.

Although admitting that frustration of the purposes of the lease may be available as a defense to any action for rent brought while the regulation in question is effective, Special Term held that the erection of a theatre building may be permitted at some time in the future during the ninety-nine-year term of the lease, and that therefore the entire lease has not been frustrated by action of the Government. Such an interpretation overlooks the fact that construction of this theatre building was to be commenced on or before July 1, 1951, and completed within one year thereafter. Construction costs and other conditions prevailing at that time undoubtedly induced the formation of this agreement. Businessmen in the situation of these parties would not contemplate that plaintiff would be subjected to the hazards of fluctuations in building costs during a possible period of ninety-nine years. The circumstances indicate that time was regarded as being of the essence of the clause in this contract requiring the erection of a theatre, regardless of whether it was so stated expressly. If Order M-4 had the effect of prohibiting the construction of this theatre for an indefinite time, it follows that the purpose of this lease entirely failed within the holding of the authorities upon this subject (*Byrnes* v. *Balcom,* 265 App. Div. 268, 271, affd. 290 N. Y. 730; *119 Fifth Ave.* v. *Taiyo Trading Co.,* 190 Misc. 123, 127, affd. 275 App. Div. 695, and cases cited; *Colonial Operating Corp.* v. *Hannan Sales & Service,* 265 App. Div. 411; *Schantz* v. *American Auto Supply Co.,* 178 Misc. 909).

Order M-4 contains a clause, however, permitting applications to the National Production Authority for adjustment or exception upon the ground that the prohibition of the erection of a building " works an unreasonable hardship  *  *  *  not suffered generally by others in the same trade, industry, or other relative position" (§ 11, subd. [a]). It is specified that in determining whether unreasonable hardship exists, the National Production Authority will consider, among other things, certain factors which are not present in this case. Nevertheless, this directive indicates that such factors are not exclusive, and it may well be that the National Production Authority would consider favorably an application for the erection of this theatre in view of the circumstance that prior to the promulgation of Order M-4 this leasing agreement had been signed, and various steps had been taken pursuant thereto in reliance upon its performance. The rule is well established that administrative remedies must be exhausted before the courts will intervene.

The order granting summary judgment dismissing the complaint, and the judgment entered thereon, should be reversed and the action should proceed to trial, since the situation in this respect may be considered as of the time of the trial and the court is not obliged to dismiss the complaint in an action for declaratory judgment on a motion for summary judgment if it appears that on the trial the facts to be established may warrant the granting of relief, but if it shall develop at the trial that plaintiff has not applied to the National Production Authority to make an exception permitting the erection of this theatre, the complaint should then be dismissed upon that ground.

If such an application shall be made and refused, a trial will be necessary in any event in order that evidence may be taken and considered concerning the expenditures made and other acts performed by defendants, including the conveyance of land for street purposes, in compliance with the obligations upon their part under the decision by the board of standards and appeals and by reason of said leasing agreement, in order to ascertain what adjustments of equities, if any, should be made by reason thereof in event that the lease is adjudged to be null and void at the instance of plaintiff.

The judgment and order appealed from should be reversed and the action should proceed in accordance with this opinion.

DORE, J. P., COHN, CALLAHAN, VAN VOORHIS and BERGAN, JJ., concur.

On first appeal: Order denying plaintiff's motion for judgment on the pleadings unanimously affirmed. No opinion. Settle order on notice.

On second appeal: Order granting defendant's motion for summary judgment dismissing the complaint and the judgment entered thereon unanimously reversed. Opinion *Per Curiam*. Settle order on notice. [See *post*, p. 1046.]